PATRICK BARRETT, PH.D., PETITIONER v. NORTH CAROLINA PSYCHOLOGY BOARD, RESPONDENT

No. COA98-155

(Filed 19 January 1999)

**Psychologists and Psychiatrists— psychologists—licensing—reciprocity—senior psychologist**

The North Carolina Psychology Board erred by refusing petitioner's application for reciprocity based on its construction of N.C.G.S. § 90-270.13. That statute has provision for granting licensure to people licensed by a similar board in another jurisdiction, requires that the applicant be a "senior psychologist," and requires the North Carolina Board to enact rules defining that term. The Board had not adopted any rules defining "senior psychologist" almost three years after it was directed to do so by the Legislature; failure to define the term is tantamount to a decision by the Board that any applicant meeting the other prerequisites of the statute qualifies as a "senior psychologist." In any event, petitioner cannot be held to an undefined requirement when a definition is mandated by the Legislature.

Appeal by respondent from Order on Petition for Judicial Review dated 14 November 1997 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 6 October 1998.

*Allen and Pinnix, P.A., by Noel L. Allen and M. Jackson Nichols, for petitioner-appellee.*

*Attorney General Michael F. Easley, by Assistant Attorneys General Robert M. Curran and Anne J. Brown, for the State.*

**BARRETT v. N.C. PSYCHOLOGY BD.**

[132 N.C. App. 126 (1999)]

GREENE, Judge.

The North Carolina Psychology Board (Board) appeals from the Order of the superior court vacating and reversing the Board's denial of Patrick Barrett's (Barrett) application for licensure as a psychologist.

On 18 September 1995, Barrett applied to the Board for licensure as a psychologist pursuant to N.C. Gen. Stat. § 90-270.13. On 21 December 1995, the Board, in a letter to Barrett, informed him that it found "no evidence which you have presented which establishes you as a senior psychologist" and denied the application. Pursuant to a written request by Barrett for a formal hearing before the Board, a hearing was conducted on 18 April 1996. On 26 September 1996, the Board entered its Final Decision denying the application on the grounds that Barrett had "failed to meet his burden of persuasion with respect to the requirements of . . . G.S. § 90-270.13." On 29 October 1996, Barrett filed a Petition for Judicial Review (Petition), which was amended on 2 May 1997, alleging in pertinent part that the Board "failed and refused to provide [Barrett] an application for reciprocity as a Senior Psychologist and failed to adopt rules defining that term for three years after the legislature mandated that the Board adopt such rules." The Petition was heard in the superior court on 11 November 1997 and Donald W. Stephens, Superior Court Judge, filed his Order on 18 November 1997. That Order, in vacating and reversing the Board, provided in pertinent part:

4. The evidence of Record establishes that despite the statutory mandate of N.C. Gen. Stat. § 90-270.13(e), the Board had not adopted any rules defining Senior Psychologist . . . that were effective prior to . . . January 1, 1996 . . . .

5. The evidence of Record establishes that in December, 1995, the Board denied [Barrett's] application for Senior Psychologist under N.C. Gen. Stat. § 90-270.13. . . .

6. The evidence of Record establishes and Counsel for [the Board] conceded that [Barrett] met each of the statutory qualifications for Senior Psychologist in N.C. Gen. Stat. § 90-170.13, except for . . . the definition of Senior Psychologist and that . . . such requirement had [not] been established by Board rule until January 1, 1996.

7. The failure of the Board to promptly and timely enact rules with regard to the . . . definition of Senior Psychologist renders such requirement[] inapplicable to this application.

The dispositive issue presented is whether the failure of the Board to follow its legislative mandate to promulgate a rule defining "senior psychologist" renders the requirement that the applicant be a "senior psychologist" inapplicable.

Section 90-270.13(a) provides in pertinent part that the Board shall grant permanent licensure to any person who, at the time of application, "is licensed or certified as a psychologist by a similar board in another jurisdiction," (2) "whose license or certification is in good standing," (3) "who is a graduate of an institution of higher education," (4) "who passes an examination prescribed by the Board," and (5) "who meets the definition of a senior psychologist as that term is defined by the rules of the Board." N.C.G.S. § 90-270.13(a) (1997). The statute further provides that the Board "shall adopt rules implementing and defining these provisions, and, with respect to the senior psychologist, shall adopt rules including, but not limited to, such factors as educational background, professional experience, length and status of licensure, ethical conduct, and examination required." N.C.G.S. § 90-270.13(e) (1997). The requirements that the applicant be a "senior psychologist" and that the Board enact rules defining that term were enacted by the legislature in 1993 and became effective 1 October 1993. *See* 1993 N.C. Sess. Laws ch. 375, § 1.

There is no dispute in this case that the Board had not, at the time of Barrett's application (almost three years after it was directed to do so by the legislature), adopted any rules defining "senior psychologist." Because the Board was given broad discretion in defining that term, its failure to define the term is tantamount to a decision by the Board that any applicant meeting the other prerequisites of section 90-270.13(a) qualifies as a "senior psychologist." In any event, Barrett cannot be held to a undefined requirement when a definition is mandated by the legislature. As stated by Judge Stephens, the trial judge in this case, the failure of the Board to define "senior psychologist" by rule "renders such requirement[] inapplicable."

Because the Board erred in its construction of section 90-270.13, we agree with the trial court that the Final Decision of the Board must be reversed. *See Brooks, Comr. of Labor v. Grading Co.*, 303 N.C. 573, 580-81, 281 S.E.2d 24, 29 (1981) (appellate review is *de novo* if construction of statute is involved).

FIRST UNION NAT. BANK v. LINDLEY LABORATORIES, INC.

[132 N.C. App. 129 (1999)]

Affirmed.

Judges WALKER and SMITH concur.