CAPITAL OUTDOOR, INC., Petitioner/Appellant/Cross-Appellee v. GUILFORD COUNTY BOARD OF ADJUSTMENT, Respondent/Appellee/Cross-Appellant

No. COA00-969

(Filed 2 October 2001)

**Zoning— revocation of billboard permit—standard of review**

The superior court's decision to uphold a county board of adjustment's decision to revoke petitioner's building permit for the construction of a billboard and to deny petitioner's request for a variance is reversed and remanded because: (1) it cannot be determined what standard of review was utilized for the issues presented; and (2) it cannot be determined whether the superior court properly applied this standard to the findings and conclusions of the board.

Judge GREENE dissenting.

Appeals by petitioner and respondent from judgment entered 26 April 2000 by Judge Marcus L. Johnson in Guilford County Superior Court. Heard in the Court of Appeals 14 August 2001.

*Wilson & Waller, P.A., by Betty S. Waller, for petitioner.*

*Guilford County Attorney's Office, by County Attorney Jonathan V. Maxwell and Assistant County Attorney Mercedes O. Chut, for respondent.*

CAPITAL OUTDOOR, INC. v. GUILFORD CTY. BD. OF ADJUST.

[146 N.C. App. 388 (2001)]

BRYANT, Judge.

Capital Outdoor, Inc. is engaged in the business of outdoor advertising. In August 1998 Capital entered an agreement to lease a tract of land near N.C. Highway 68 in Guilford County for the purpose of constructing a billboard. On 15 December 1998, Capital filed a site plan with the Guilford County Planning Department to acquire the necessary construction permit. The plan stated that there was "no residential zoning within 300.0' of the proposed sign".

The Department issued a building permit for the proposed site on 20 April 1999, and the billboard was constructed on or around 6 July 1999. However, on 9 July 1999, the Department revoked the permit because it was issued in violation of Development Ordinance § 6-4.24. Development Ordinance §6-4.24 prohibits placement of billboards within three hundred feet of "any residentially zoned property". A zoning officer interpreted residentially zoned property to include agriculturally zoned property for purposes of the ordinance. The zoning officer found the site to be within three hundred feet of an agricultural zone, and therefore in violation of Development Ordinance §6-4.24.

Capital appealed the zoning officer's interpretation to the Guilford County Board of Adjustment on 19 August 1999. In the alternative, Capital requested a variance pursuant to Development Ordinance § 9-5.8(D). After a hearing on 7 September 1999, the Board affirmed the interpretation of the zoning officer and denied Capital's request for a variance.

On 7 October 1999 Capital petitioned the Guilford County Superior Court for writ of certiorari. Capital alleged that the orders issued by the Board were:

> arbitrary, capricious, in excess of its authority, not supported in law or in fact, not supported by competent evidence, violative of [Capital's] constitutionally protected rights of free speech, due process and equal protection under the law, and operate as a taking of [Capital's] private property rights without payment of just compensation as required by the United States and North Carolina Constitutions.

Capital also asserted that the Board was equitably estopped from revoking the permit.

By judgment filed 27 April 2000, the superior court found the Board's interpretation "of 'residentially zoned property' was reasonable, did not constitute error of law, and should be affirmed; that the Board of Adjustment did not abuse its discretion and made appropriate findings when it denied the variance; [and] that Guilford County is not equitably estopped from revoking the permit for the subject billboard . . . ."

The superior court, however, ruled that "[Capital] should be afforded an opportunity to recoup its expenses in applying for and seeking the permit . . . ." The matter was remanded to the Board for a finding of the costs Capital incurred in applying for the permit. Capital and the Board appeal the decision of the trial court.

On appeal, this Court must determine whether the superior court utilized and correctly applied the appropriate standard of review in evaluating the decision of the Board. Based on the following reasons, we reverse and remand this case with instructions and will not address the Board's cross appeal.

All decisions from the Board are subject to certiorari review by superior court proceedings. N.C.G.S. § 153A-345(e) (2000). When the superior court reviews the decisions from the Board, it sits as a court of appeal. *See Avant v. Sandhills Ctr. for Mental Health*, 132 N.C. App. 542, 545, 513 S.E.2d 79, 82 (1999)("[W]hen a superior court reviews an agency decision pursuant to the Administrative Procedure Act ("APA"), the court essentially functions as an appellate court.").

Depending on the nature of the review, the superior court is obligated to determine whether: 1) the Board committed any errors in law; 2) the Board followed lawful procedure; 3) the petitioner was afforded appropriate due process; 4) the Board's decision was supported by competent evidence in the whole record; and 5) whether the Board's decision was arbitrary and capricious. *See CG&T Corp. v. Bd. of Adjustment of Wilmington*, 105 N.C. App. 32, 36, 411 S.E.2d 655, 658 (1992).

*De novo* review is proper if a petitioner asserts the Board's decision was based on an error of law. *See Westminster Homes, Inc. v. Town of Cary Zoning Bd. of Adjust.*, 140 N.C. App. 99, 102, 535 S.E.2d 415, 417 (2000), *rev. allowed by*, 353 N.C. 398, 547 S.E.2d 42 (2001). However, if a petitioner argues the Board's decision was unsupported by the evidence or was arbitrary and capricious, then

CAPITAL OUTDOOR, INC. v. GUILFORD CTY. BD. OF ADJUST.

[146 N.C. App. 388 (2001)]

the superior court must apply the whole record test. *See Id.* The "[superior] court *may even utilize more than one standard of review* if the nature of the issues raised so requires". *In re Appeal by McCrary*, 112 N.C. App. 161, 165, 435 S.E.2d 359, 363 (1993).

When this Court reviews appeals from the superior court, our scope of review is twofold, and is limited to determine: (1) whether the superior court applied the appropriate standard of review and, if so, (2) whether the superior court properly applied this standard. *McCrary*, 112 N.C. App. at 166, 435 S.E.2d at 363.

Capital's petition for writ of certiorari in superior court alleged, in part, that the Board's judgment was arbitrary, capricious, not supported in fact, and contained errors of law. These allegations raise different standards of review. The judgment of the superior court states "that the decisions of the Board of Adjustment are supported by competent material and substantial evidence and are not affected by error of law". However, this Court cannot readily ascertain whether the superior court applied the appropriate standard of review to each allegation.

The superior court was under a duty to "apply the appropriate standard of review to the findings and conclusions of the underlying tribunal". *Avant*, 132 N.C. App. at 545, 513 S.E.2d at 82. As this Court cannot determine what standard of review was utilized, we further cannot determine whether the superior court properly applied this standard to the findings and conclusions of the Board. For this Court to speculate which standard of review the superior court utilized presents a dangerous path which we are not inclined to travel. *See Hedgepeth v. N.C. Div. of Servs. for the Blind*, 142 N.C. App. 338, 349, 543 S.E.2d 169, 176 (2001) (stating although the trial court noted the proper standard of review, the trial court failed to delineate which standard it used in resolving each issue raised, therefore, on remand "[w]e direct the trial court to (1) advance its own characterization of the issues presented by petitioner and (2) clearly delineate the standards of review, detailing the standards used to resolve each distinct issue raised").

In *In re Appeal of Willis*, 129 N.C. App. 499, 503, 500 S.E.2d 723, 726-27 (1998) the Court noted that:

> while the [trial] court's order in effect set out the applicable standards of review, it failed to delineate which standard the

court utilized in resolving each separate issue raised . . . [therefore] this Court is unable to make the requisite threshold determination that the trial court 'exercised the appropriate standard of review' . . . and we decline to speculate in that regard. It follows that we likewise are unable to determine whether the court properly conducted its review . . . .

The *Willis* Court then remanded the matter to the trial court to set forth the issues presented and what standard of review was applied in resolving those issues. *Id.*

In the case *sub judice*, the judgment is reversed and this matter is remanded to the superior court with instructions to characterize the issues before the court and clearly delineate the standard of review used to resolve each issue raised by the parties.

REVERSED and REMANDED.

Judge CAMPBELL concurs.

Judge GREENE dissents with a separate opinion.

GREENE, Judge, dissenting.

The majority holds the standard of review utilized by the Guilford County Superior Court cannot be determined and thus this case must be reversed and remanded. I disagree. The superior court stated in its judgment that the Guilford County Board of Adjustment's (the Board) "interpretation . . . of 'residentially zoned property' was reasonable [and] did not constitute [an] error of law." Whether the superior court utilized a whole record review or a *de novo* review in reaching this conclusion is immaterial, "[s]ince [it] specifically concluded that the . . . Board did not commit an error of law." *Associated Mechanical Contractors v. Payne*, 342 N.C. 825, 833, 467 S.E.2d 398, 402 (1996). In any event, an appellate court's obligation to review a superior court order for errors of law, *ACT-UP Triangle v. Commission for Health Services*, 345 N.C. 699, 706, 483 S.E.2d 388, 392 (1997), can be accomplished by addressing the dispositive issue(s) before the agency and the superior court without examining the scope of review utilized by the superior court. *See, e.g., Grooms v. State of N.C. Dept. of State Treasurer*, 144 N.C. App. 160, 550 S.E.2d 204 (2001); *Barrett v. N.C. Psychology Bd.*, 132 N.C. App. 126, 510 S.E.2d 189 (1999) (for appellate courts addressing issues of

law presented to agency and superior court without discussing the scope of review employed by the superior court).

The dispositive issue in this case is whether the Board erred in interpreting the Guilford County Development Ordinance (the Ordinance). *See Westminster Homes, Inc. v. Town of Cary Zoning Bd. of Adjustment,* 140 N.C. App. 99, 102-03, 535 S.E.2d 415, 417 (2000) (proper construction of ordinance presents a question of law and is reviewable *de novo*).

Ordinance § 6-4.24 prevents the placement of a billboard within "three hundred (300) feet [of] any residentially zoned property." Guilford County, N.C., Guilford County Development Ordinance § 6-4.24 (Nov. 19, 1990). In early 1999, Capital Outdoor, Inc. (Capital) applied for and received a permit from the Guilford County Planning Department (the Department) to place a billboard in Guilford County. After the billboard was constructed, the Department revoked the permit because the billboard was located within 300 feet of land zoned "Agricultural."

The underlying issue is whether property zoned "Agricultural" is "residentially zoned property" within the meaning of section 6-4.24. The Board argues that because residences are permitted within "Agricultural" zoned areas, property zoned "Agricultural" is "residentially zoned property." I disagree. Although residences are permitted in an "Agricultural" district, such a district "is primarily intended to accommodate uses of an agricultural nature," Ordinance § 4-2.1(A), and in any event, is not *zoned* "Residential." There are two districts which are *zoned* "Residential": Ordinance § 4-2.1(B) covers a Single-Family Residential district, and Ordinance § 4-2.1(C) covers a Multi-Family Residential district. Because the language of Ordinance § 6-4.24 is plain and unambiguous, "it must be given effect and its clear meaning may not be evaded by an administrative body or a court under the guise of construction." *Utilities Comm'n v. Edmisten,* 291 N.C. 451, 465, 232 S.E.2d 184, 192 (1976). In the Ordinance, there is no provision prohibiting the location of a billboard within 300 feet of property zoned "Agricultural." The prohibition is only against the location of billboards within 300 feet of property zoned as either Single-Family Residential or Multi-Family Residential. Accordingly, the Board committed an error of law in construing the Ordinance otherwise and erred in revoking Capital's permit. Likewise, the superior court erred in affirming that revocation. I would reverse the order of the superior court and

remand to that court for remand to the Board for reinstatement of the billboard permit.