CAPITAL OUTDOOR, INC., Petitioner/Appellant/Cross-Appellee v. GUILFORD COUNTY BOARD OF ADJUSTMENT, Respondent/Appellee/Cross-Appellant

No. COA00-969-2

(Filed 20 August 2002)

### 1. Administrative Law— judicial review of agency decision— scope of review—standard of review

An appellate court's obligation to review a superior court order upholding or reversing agency/board decisions for errors of law can be accomplished by addressing the dispositive issues before the agency/board and the superior court without: (1) examining the scope of review utilized by the superior court; and (2) remanding the case if the standard of review employed by the superior court cannot be ascertained.

### 2. Zoning— billboard—agricultural district not residentially zoned property

A county development ordinance prohibiting the placement of a billboard within 300 feet of any "residentially zoned property" was not violated by a billboard located within 300 feet of land zoned "Agricultural" because property zoned "Agricultural" is not "residentially zoned property" within the meaning of the ordinance even though residences are permitted in an "Agricultural" district.

On remand based on order of Supreme Court entered 7 March 2002 in *Capital Outdoor, Inc. v. Guilford Cty. Bd. of Adjust.*, 355 N.C. 269, 559 S.E.2d 547 (2002), reversing decision of the Court of Appeals as to the standard of review and remanding for consideration on the merits of remaining assignments of error. Appeal by petitioner and respondent from order entered 27 April 2000, by the Honorable Marcus L. Johnson, in Guilford County Superior Court. Originally heard in the Court of Appeals 14 August 2001.

*Waller, Stroud, Stewart & Araneda, LLP, by Betty S. Waller, Cary, for petitioner.*

*Guilford County Attorney's Office, by Jonathan V. Maxwell, County Attorney, and Mercedes O. Chut, Deputy County Attorney, for respondent.*

BRYANT, Judge.

Based on the reasons stated in the dissenting opinion in *Capital Outdoor, Inc. v. Guilford Cty. Bd. of Adjust.*, 146 N.C. App. 388, 552 S.E.2d 265 (2001) (hereinafter *Capital I*), *rev'd per curiam*, 355 N.C. 269, 559 S.E.2d 547 (2002), the Supreme Court reversed the majority opinion of this Court as to the majority's articulation of the standard of review of superior court orders upholding or reversing agency/board decisions. The evidence presented before the superior court in this case is summarized in *Capital I*. Consistent with the Supreme Court's mandate, we now articulate the standard of review to be employed by an appellate court.

[1] As stated by the dissent in *Capital I*, "an appellate court's obligation to review a superior court order for errors of law, . . . can be accomplished by addressing the dispositive issue(s) before the agency[/board] and the superior court *without* [(1)] examining the scope of review utilized by the superior court" and (2) remanding the case if the standard of review employed by the superior court cannot be ascertained. *Id.* at 392, 552 S.E.2d at 268 (Greene, J., dissenting) (emphasis added) (citation omitted). Thus, depending on which issues were raised in the present case, an appellate court must determine whether: "1) the [b]oard committed any errors in law; 2) the [b]oard followed lawful procedure; 3) the petitioner was afforded appropriate due process; 4) the [b]oard's decision was supported by competent evidence in the whole record; and 5) . . . the [b]oard's decision was arbitrary and capricious." *Id.* at 390, 552 S.E.2d at 267.

[2] According to the dissent in *Capital I*:

> The dispositive issue in this case is whether the Board erred in interpreting the Guilford County Development Ordinance (the Ordinance). *See Westminster Homes, Inc. v. Town of Cary Zoning Bd. of Adjustment*, 140 N.C. App. 99, 102-03, 535 S.E.2d 415, 417 (2000) (proper construction of ordinance presents a question of law and is reviewable *de novo*).

> Ordinance § 6-4.24 prevents the placement of a billboard within "three hundred (300) feet [of] any residentially zoned property." Guilford County, N.C., Guilford County Development Ordinance § 6-4.24 (Nov. 19, 1990). In early 1999, Capital Outdoor, Inc. (Capital) applied for and received a permit from the Guilford County Planning Department (the Department) to place a billboard in Guilford County. After the billboard was constructed,

the Department revoked the permit because the billboard was located within 300 feet of land zoned "Agricultural."

The underlying issue is whether property zoned "Agricultural" is "residentially zoned property" within the meaning of section 6-4.24. The Board argues that because residences are permitted within "Agricultural" zoned areas, property zoned "Agricultural" is "residentially zoned property." We disagree. Although residences are permitted in an "Agricultural" district, such a district "is primarily intended to accommodate uses of an agricultural nature," Ordinance § 4-2.1(A), and in any event, is not *zoned* "Residential." There are two districts which are *zoned* "Residential": Ordinance § 4-2.1(B) covers a Single-Family Residential district, and Ordinance § 4-2.1(C) covers a Multi-Family Residential district. Because the language of Ordinance § 6-4.24 is plain and unambiguous, "it must be given effect and its clear meaning may not be evaded by an administrative body or a court under the guise of construction." *Utilities Comm'n v. Edmisten*, 291 N.C. 451, 465, 232 S.E.2d 184, 192 (1976). In the Ordinance, there is no provision prohibiting the location of a billboard within 300 feet of property zoned "Agricultural." The prohibition is only against the location of billboards within 300 feet of property zoned as either Single-Family Residential or Multi-Family Residential. Accordingly, the Board committed an error of law in construing the Ordinance otherwise and erred in revoking Capital's permit. Likewise, the superior court erred in affirming that revocation.

*Id.* at 393, 552 S.E.2d at 268-69 (Greene, J., dissenting). In agreement with this analysis, we reverse the order of the superior court and remand to that court for remand to the Board for reinstatement of the billboard permit.[1]

REVERSED and REMANDED.

Judges GREENE and CAMPBELL concur.

---

1. In light of our ruling, we need not address petitioner's alternative arguments and respondent's cross-appeal.