JOEL T. LEWIS, Petitioner v. N.C. DEPARTMENT OF CORRECTION, Respondent

No. COA01-1386

(Filed 15 October 2002)

**Public Officers and Employees— sexual remarks—personal misconduct or sexual harassment—appellate review**

    The trial court did not err by reversing the decision of the State Personnel Commission to demote and transfer a correctional sergeant who had made sexual remarks to two female correctional officers. Although grounds may exist for establishing unacceptable personal conduct, the issue specified by the Administrative Law Judge (and neither rejected nor amended by the SPC) was whether there was just cause to demote petitioner because of sexual harassment, which does not appear to have occurred.

    Judge McCullough dissenting.

Appeal by respondent from order entered 10 August 2001 by Judge A. Moses Massey in Stokes County Superior Court. Heard in the Court of Appeals 21 August 2002.

*Anderson D. Cromer, PC, by Anderson D. Cromer, for petitioner.*

*Attorney General Roy Cooper, by Assistant Attorney General Neil Dalton, for respondent.*

BRYANT, Judge.

On 7 September 1999, petitioner Joel T. Lewis initiated a petition for a contested case hearing pursuant to N.C.G.S. § 150B-23(a), appealing the 25 May 1999 decision of respondent N.C. Department of Correction (DOC) to demote and transfer Lewis from the position of correctional sergeant at Forsyth Correctional Center to the position of correctional officer with a ten percent reduction in pay. Lewis's demotion was for just cause, premised on several "unprofessional comments of a sexual nature" that he made to two female correctional officers with whom he was employed. The unprofessional comments included offering money to correctional officer Pleasants to go with him to the beach, telling officer Pleasants that she was being stingy with her "coochie," and asking officer Pleasants and fellow correctional officer Lattimore what color panties they were wearing.

The contested case came for hearing before Administrative Law Judge (ALJ) Robert Roosevelt Reilly, Jr., on 25 April 2000. On 31 May 2000, Judge Reilly issued a recommended decision in favor of Lewis. The State Personnel Commission (SPC) declined to adopt the recommended decision as written and instead adopted an amended decision and order dated 31 August 2000 in favor of DOC. From the decision and order of the SPC, Lewis petitioned for judicial review.

This matter came for judicial review at the 3 January 2001 term of Stokes County Superior Court with the Honorable A. Moses Massey presiding. By order filed 10 August 2001, the superior court reversed the decision and order of the SPC to demote and transfer Lewis. DOC appeals.

### Standard of review

At the trial court level, the court must first determine *de novo* whether the SPC heard new evidence after receiving the ALJ's recommended decision; and if the SPC did not adopt the ALJ's recommended decision, whether the SPC stated specific reasons explaining its new findings. *See* N.C.G.S. § 150B-51(a) (2001). After the initial determination is made, the court must then determine *de novo* whether an error of law occurred. *See Associated Mechanical Contractors, Inc. v. Payne*, 342 N.C. 825, 831, 467 S.E.2d 398, 401 (1996). If the allegation is that the findings of fact and conclusions of law are unsupported by competent evidence or are arbitrary and capricious, then the court must utilize the whole record test. *See Amanini v. N.C. Dept. of Human Resources*, 114 N.C. App. 668, 674, 443 S.E.2d 114, 118 (1994).

When this Court reviews appeals from superior court either affirming or reversing the decision of an administrative agency, our scope of review is twofold, and is limited to determine: (1) whether the superior court applied the appropriate standard of review and, if so, (2) whether the superior court properly applied this standard. *In re Appeal by McCrary*, 112 N.C. App. 161, 166, 435 S.E.2d 359, 363 (1993). However, this Court's obligation to review a superior court order for errors of law can be accomplished by addressing the dispositive issue(s) before the agency and the superior court without examining the scope of review utilized by the superior court and remanding the case if the standard of review utilized by the superior court cannot be ascertained. *Capital Outdoor, Inc. v. Guilford County Board of Adjustment*, 152 N.C. App. 474, 475, 567 S.E.2d 440, 441 (2002).

Upon review of the superior court's order, it appears that the superior court utilized the appropriate standard of review as to each issue presented. This Court must now determine whether it properly applied the standard of review.

### Dispositive issue

DOC presents several issues on appeal, however, we find the dispositive issue to be whether the superior court erred in determining that Lewis's conduct had to rise to the level of sexual harassment to justify his demotion and transfer. For the following reasons, we affirm the superior court's conclusion on this issue.

N.C.G.S. § 126-35 (2001), states that "[n]o career State employee subject to the State Personnel Act shall be discharged, suspended, or demoted for disciplinary reasons, except for just cause." N.C. Admin. Code tit. 25, r.1J0604(b) (June 2002), defines just cause as discipline or dismissal based on either unsatisfactory job performance or unacceptable personal conduct.

N.C. Admin. Code tit. 25, r.1J0614(i) (June 2002), enumerates several examples of unacceptable personal conduct including: 1) "conduct for which no reasonable person should expect to receive a prior warning; or" 2) "job-related conduct which constitutes a violation of state or federal law; or" 3) "the willful violation of known or written work rules; or" 4) "conduct unbecoming a state employee that is detrimental to state service; or" 5) "the abuse of client(s), patient(s), student(s), or person(s) over whom the employee has charge or to whom the employee has a responsibility. . . ."

Effective 1 September 1992, DOC implemented a sexual harassment policy. The SPC concluded,

Sexual harassment usually involves an employee being personally subjected to one or more of the following behaviors:

(a) Unwelcome sexual advances;

(b) Acts of gender-based animosity (hostile conduct based on the victim's gender); or

(c) Sexually charged workplace behavior (conduct that is offensive on the basis of gender to persons whether or not they are the targets of the conduct).

[] Sexual harassment is unlawful sex discrimination under one or two legal theories: "quid pro quo" or "hostile environ-

ment." All three forms of behavior referenced may constitute a hostile environment, but a claim of quid pro quo harassment necessarily involves unwelcome sexual advances. Sexual harassment claims are usually analyzed as disparate treatment claims.

[] The essence of a quid pro quo claim is that an individual has been forced to choose between suffering an employment detriment and submitting to sexual demands. . . .

[] The essence of a hostile environment claim is that an individual has been required to endure a work environment that, while not necessarily causing any direct economic harm, or even significant psychological or emotional harm, substantially affects a term or condition of employment. . . .

Lewis was a career State employee prior to his demotion/transfer and was subject to the provisions of N.C.G.S. § 126, *et seq.* (State Personnel Act). By letter dated 25 May 1999, Lewis was notified that an investigation of the incidents at issue, revealed that he made unprofessional comments of a sexual nature to both officers Pleasants and Lattimore. In addition, the letter stated that a recommendation for his demotion for unacceptable personal conduct had been approved effective 1 June 1999.

After an unsuccessful internal appeal, Lewis appealed to the Office of Administrative Hearings for a contested case hearing. By decision dated 31 August 2000, the presiding ALJ specified the issue as, "Did the respondent have just cause to demote petitioner because of sexual harassment?" The SPC did not reject nor amend this articulation of the issue. Rather the SPC stated in its decision and order, "Sexual harassment is unlawful sex discrimination under one of two legal theories: 'quid pro quo' or 'hostile environment'. . . . [P]etitioner's behavior must be analyzed to determine whether his behavior created a hostile working environment that substantially affected a term or condition of Ms. Pleasant's (sic) employment." The SPC went further to conclude, "Regardless of whether Petitioner's conduct rose to the level of sexual harassment as defined above, Petitioner's conduct did constitute personal misconduct 'for which no reasonable person should expect to receive a prior warning,' thereby subjecting Petitioner to disciplinary action as provided for in 25 NCAC 1J.0162 and .0613 and in DOC's Disciplinary Policy and Procedures, Section 6, p.38, resulting in his demotion and transfer."

Based upon our reading of the case, the issue before the ALJ was whether just cause existed to demote Lewis because of sexual harassment. The SPC did not articulate a different issue for consideration. The SPC concluded there were no allegations of quid pro quo sexual harassment in this case. In addition, the SPC found that "Neither Ms. Pleasants nor Ms. Lattimore stated that the Petitioner's statements had or may have had [] direct employment consequences resulting from either the acceptance or rejection of the statements or that the statements created an intimidating, hostile or offensive environment or that the statements interfered with their performance." Notwithstanding, the SPC ordered that the recommended decision of the ALJ be rejected and respondent's disciplinary action for unacceptable personal conduct be upheld.

In light of the above noted findings and conclusions, it appears that unacceptable personal conduct based on sexual harassment did not occur as sexual harassment has been previously defined. Although several grounds may exist for establishing unacceptable personal conduct, the ground specified as the basis for Lewis's demotion and transfer was sexual harassment. The superior court did not err in reversing the decision and order of the SPC. Therefore, this assignment of error is overruled and we affirm the order of the superior court.

AFFIRMED.

Judge McGEE concurs.

Judge McCULLOUGH dissents with a separate opinion.

McCULLOUGH, Judge, dissenting.

The majority affirms a ruling of the superior court reversing an order of the State Personnel Commission (SPC) which demoted, transferred and decreased the respondent's salary due to comments of a crude sexual nature made by respondent to female correctional officers with whom he worked. From this ruling, I respectfully dissent.

The record shows that respondent offered a female correctional officer money to go to the beach with him, stated that she was being stingy with her "coochie," that she would have to sell a lot of "coochie" to make her car payment, and asked this officer and another officer what color underpants they were wearing.

LEWIS v. N.C. DEP'T OF CORR.

[153 N.C. App. 449 (2002)]

Both the Administrative Law Judge (ALJ) who originally heard this matter, and the superior court judge who heard the Petition For Judicial Review, concluded that, to be actionable, (1) sexual comments had to rise to the level of sexual harassment as defined by the Department of Correction (DOC); and (2) such comments that do not rise to that level cannot qualify as "unacceptable personal behavior," as that term is defined in the Office of State Personnel Policy Manual, codified at N.C. Admin. Code tit. 25, r.1J.0614(i)(1) (June 2002). In affirming, the majority concurs with the shared viewpoint expressed by the ALJ and the superior court. The majority opinion sets forth the DOC sexual harassment policy in detail. Upon reading the DOC policy statement, it is apparent that not all crude sexual remarks meet the test set forth therein.

I would reverse the order of the superior court which reversed respondent's discipline, as I believe that the SPC gave an adequate explanation of why it did not adopt the reasoning and conclusions of the ALJ. A point-by-point refutation of the ALJ's findings and conclusions is not required. *Webb v. N.C. Dept. of Envir., Health and Nat. Resources*, 102 N.C. App. 767, 404 S.E.2d 29 (1991). I believe the SPC addressed the case adequately and complied with N.C. Gen. Stat. § 150B-51 (2001) when it included Conclusion of Law No. 8 in its order. That conclusion stated:

> 8. Regardless of whether Petitioner's conduct rose to the level of sexual harassment as defined above, Petitioner's conduct did constitute personal misconduct, "for which no reasonable person should expect to receive a prior warning," thereby subjecting Petitioner to disciplinary action as provided for in 25 NCAC 1J.0612 and .0613 and in DOC's Disciplinary Policy and Procedures, Section 6, p. 38, resulting in his demotion and transfer.

Respondent was well aware that comments of a sexual nature could lead to some form of discipline, whether or not they rose to the level of sexual harassment. The record indicates that, on 19 November 1996, respondent signed a Human Relations in the Workplace memorandum to that effect. His conduct was therefore a willful violation of a work rule, which is also unacceptable personal conduct for which he could be disciplined. *See* N.C. Admin. Code tit. 25, r.1J.0614(i)(4); and *North Carolina Department of Correction v. McNeely*, 135 N.C. App. 587, 521 S.E.2d 730 (1999).

The majority seems to hold that, although the SPC inserted Conclusion of Law No. 8 into its Order as an alternative basis for discipline, such was of no import. The majority then accepts the superior court's determination that the sole issue before that court (and, by implication, this Court as well) was whether the complained-of comments constituted sexual harassment as defined by the DOC policy statement. With this assessment, I disagree. In so doing, I believe the superior court made an error of law, which we review *de novo*. *Walker v. N.C. Dept. of Human Resources*, 100 N.C. App. 498, 397 S.E.2d 350 (1990), *disc. review denied*, 328 N.C. 98, 402 S.E.2d 430 (1991).

While crude sexual comments may not always rise to the level of sexual harassment as defined in the DOC policy statement, they are nevertheless capable of subjecting an employee to discipline. The SPC never attempted to rely solely on sexual harassment as the only ground for discipline, and this Court should not overlook the SPC's attempt to base the discipline imposed on its Conclusion of Law No. 8 set forth above. In summary, I would reverse the order of the superior court and uphold the SPC and the discipline it imposed.