JAMES ROBINSON PREWITT AND WIFE, MARY JULIA PREWITT, PETITIONERS v. TOWN OF WRIGHTSVILLE BEACH AND TOWN OF WRIGHTSVILLE BEACH BOARD OF ADJUSTMENT, RESPONDENTS

No. COA02-1166

(Filed 2 December 2003)

### 1. Zoning— certificate of occupancy—zoning variance— oceanfront property—setback requirement

A de novo review revealed that the trial court did not err by affirming the Board of Adjustment's denial of petitioners' certificate of occupancy or alternatively a variance after the completion of construction of their oceanfront residence that failed to be in compliance with the town's rear yard setback requirements even though petitioners contend that a 1939 Act of the General Assembly that affects oceanfront property in Wrightsville Beach supercedes any contrary zoning ordinance enacted by the town, because: (1) while the 1939 Act does not contain language granting the town the authority to establish setbacks, a 1981 amendment to the 1939 Act does; (2) the town was authorized by N.C.G.S. § 160A-381(a) to establish setback requirements; and (3) the clear language of the pertinent ordinance provided for a rear yard setback of 7½ feet from the property line, and petitioners' house was 1½ feet from the property line.

---

3. Lisa married Bill Simpson during the pendency of the case.

**2. Zoning— selective enforcement of ordinance—due process and equal protection**

Respondent town did not selectively enforce its rear yard setback ordinance and thus did not violate petitioners' due process and equal protection guarantees under both the North Carolina and United States Constitutions, because: (1) a review of the evidence shows that only four residences in the vicinity of petitioners' residence have been built to or beyond the property line; (2) there is uncontradicted testimony from a town building inspector that during his sixteen years with the town a rear yard setback of 7½ feet from the property line was required; and (3) the record is devoid of any evidence to suggest conscious and intentional discrimination on the part of the town in enforcing its ordinances.

Appeal by petitioners from judgment entered 3 June 2002 by Judge Herbert O. Phillips, III in the Superior Court in New Hanover County. Heard in the Court of Appeals 21 May 2003.

*Shipman & Hodges, L.L.P., by Gary K. Shipman and William G. Wright, for petitioner-appellants.*

*Wessell & Raney, L.L.P., by John C. Wessell, III, for respondent-appellees.*

HUDSON, Judge.

This appeal arises from a decision by the Board of Adjustment of the Town of Wrightsville Beach denying petitioners a certificate of occupancy or alternatively a variance after the completion of construction on their residence. On review pursuant to a petition for writ of certiorari, the superior court affirmed. We affirm.

Petitioners are the owners of a parcel of real property located at 753 Lumina Avenue in Wrightsville Beach, North Carolina ("the Property"). The eastern or oceanfront boundary of the Property is located 175 feet from the street on which the Property fronts. In 1998, petitioners retained Wright Holman Construction Company, Inc. ("Holman") to construct a residence on the Property. Holman obtained a copy of a survey performed by Jack Stocks of the existing structure located on the Property, and prepared a plot plan for petitioners that showed the new structure would be located 7½ feet from the eastern property line. Petitioners submitted the plot plan to the Town in June 1998, and the Town approved the plan. The first page of the plan submitted by Holman provides that:

No revisions shall be made of plans without approval of building inspector.

In April 2000, Tony Wilson, a Town building inspector required petitioners to submit a new survey. The new survey, dated 14 April 2000, indicated that the house had been actually built approximately sixteen feet closer to petitioners' eastern property line than was shown on the approved plan. Additionally, the new survey indicated that stairs leading down from the back of the house had been constructed east of the property line on property owned by the Town. The new set of plans indicated several other changes in the plan as approved, including an additional finished bathroom, an unfinished attic, additional windows and two additional exterior decks. Mr. Wilson testified that he never discussed these changes with Holman or any of his agents.

After receiving this information, the Town's building inspector refused to issue petitioners a certificate of occupancy because the newly built structure was not in compliance with the Town's rear yard setback requirements. On 26 April 2000, petitioners appealed the Building Inspector's decision, and, alternatively, applied to the Board of Adjustment for a variance from the setback ordinance. On 2 May 2001, the Board of Adjustment of the Town of Wrightsville Beach denied both petitioners' appeal and their application for the variance. Petitioners then filed a Petition for Writ of Certiorari in the superior court. On 4 October 2001, the superior court in New Hanover County granted the Petition for review, and, after a hearing, on 3 June 2002, the court affirmed the decision of the Respondent Board of Adjustment. Petitioners appeal.

Upon review of a decision from a Board of Adjustment, the superior court should:

> (1) review the record for errors of law; (2) ensure that procedures specified by law in both statute and ordinance are followed; (3) ensure that appropriate due process rights of the petitioner are protected, including the right to offer evidence, cross-examine witnesses, and inspect documents; (4) ensure that the decision is supported by competent, material, and substantial evidence in the whole record; and (5) ensure that the decision is not arbitrary and capricious.

*Whiteco Outdoor Adver. v. Johnston County Bd. of Adjust.*, 132 N.C. App. 465, 468, 513 S.E.2d 70, 73 (1999). This Court recently explained that:

an appellate court's obligation to review a superior court order for errors of law can be accomplished by addressing the dispositive issue(s) before the agency . . . and the superior court *without* [(1)] examining the scope of review utilized by the superior court and (2) remanding the case . . . .

*Capital Outdoor, Inc. v. Guilford County Bd. of Adjustment (II)*, 152 N.C. App. 474, 567 S.E.2d 440 (2002) (*quoting Capital Outdoor, Inc. v. Guilford County Bd. of Adjustment (I)*, 146 N.C. App. 388, 390, 392, 552 S.E.2d 265, 267 (2001), (Greene, J., dissenting), *rev'd per dissent*, 355 N.C. 269, 559 S.E.2d 547 (2002)); *Cf. Hedgepeth v. N.C. Div. of Servs. for the Blind*, 142 N.C. App. 338, 543 S.E.2d 169 (2001), *appeal after remand*, 153 N.C. App. 652, 571 S.E.2d 262 (2002). "Where the petitioner alleges that a board decision is based on error of law, the reviewing court must examine the record *de novo*, as though the issue had not yet been determined." *Id.* at 470, 513 S.E.2d at 74. Upon *de novo* review, we can freely substitute our judgment for that of the respondent. *Capricorn Equity Corp. v. Town of Chapel Hill Board of Adjust.*, 334 N.C. 132, 137, 431 S.E.2d 183, 187 (1993). Here, all of the assignments of error brought forth by petitioner allege errors of law. Thus, we review these issues *de novo*.

The pertinent conclusions of law made by the superior court are as follows:

10. Sufficient competent evidence was introduced to establish that Petitioners' residence on the Property was required to be constructed 7½ feet west of Petitioners' eastern property line, that eastern property line being the Building Line. Further, the evidence shows that Petitioners' residence has been constructed within 1½ feet of their eastern property line (the Building Line) and therefore violates the 7½ foot rear yard setback established under the provisions of the zoning ordinances of the Town of Wrightsville Beach.

11. This Court further concludes that the decision of the Wrightsville Beach Board of Adjustment as set forth in its Order entered herein on May 2, 2001 was not arbitrary and capricious. Specifically, the evidence supports the findings by the Board of Adjustment that the Building Line is a property line, that the Petitioners' residence was required to be constructed 7½ feet from said Building Line, that Petitioners' residence is not construction 7½ feet from said Building Line, but rather is constructed 1½ feet from said Building Line, that Petitioners' resi-

dence was relocated from the position as shown on the plans originally submitted to the Town of Wrightsville Beach and that such relocation was done without the consent or approval of the Town of Wrightsville Beach and that while there was some evidence presented indicating that residences in the vicinity of Petitioners' property were constructed in violation of the rear yard setbacks . . ., there was no evidence that any such violations were approved by the Building Inspector.

[1] Petitioners first argue that a 1939 Act of the General Assembly ("the 1939 Act") that affects oceanfront property in Wrightsville Beach supercedes any contrary zoning ordinance enacted by the Town. The Act, entitled "An Act Relative to the Title to the Land Built Up and Constructed in the Town of Wrightsville Beach in the County of New Hanover as a Result of Certain Erosion Control Work in Said Town," provides in pertinent part as follows:

Section 1. That all land filled in, restored, and made, and to be filled in, restored, and made, as the result of the recitals in preamble of this Act, which will exist between the present Eastern property line of the lot owners at present bordering on said ocean, and the low water mark of the Atlantic Ocean, after the work referred to in the preamble hereof, is completed, shall be within the corporate limits of the Town of Wrightsville Beach, and so much of said lands so filled in, restored and made, which will lie West of "the building line," to be defined and determined by Section two of this Act, is hereby granted and conveyed in fee simple to the land owner, to the extent that his land abuts thereon, and the balance of said land lying East of said building line to be fixed and determined by Section two of this Act, is hereby granted and conveyed in fee simple to the Town of Wrightsville Beach; *provided, however*, that no building or structure shall be built and erected on said made and built up land lying East of "the building line," to be defined and set out in Section two of this Act, *and provided further* that all made and constructed land lying East of "the building line" shall be, at all times, kept open for the purpose of streets and highways for the use of the public, and further for the development and uses as a public square or park, as the governing authorities of the Town of Wrightsville Beach, by ordinance, shall determine; *and provided further* that if any such property as is hereby granted and conveyed to the Town of Wrightsville Beach, shall cease to be used for the purposes or in the manner prescribed in this Act, it shall

revert and become the property of the State of North Carolina, *and provided further* that the owners of property abutting on said newly made or constructed land, shall, in front of their said property, possess and keep their rights, as if littoral owners, in the waters of the Atlantic Ocean, bordering on said newly acquired and constructed land.

Act of March 30, 1939, ch. 246, sec. 1, 1939 N.C. Sess. Laws 508-11.

Section two of the 1939 Act requires the Town to survey and fix "the building line" for beachfront lots and to record a map showing the same. Such a map was prepared and duly recorded in 1939. This map reflects that the "building line" for petitioners' property is 175 feet from the eastern boundary of Seaforth Avenue (now South Lumina Avenue).

Petitioners contend that "the building line" discussed in the 1939 Act "supersedes Respondent Town's setback requirements for oceanfront homes on Wrightsville Beach, because to hold that section 155.009(A) [of the Town's ordinances] creates a second building line in addition to the 1939 Act would be tantamount to a second taking of the land of oceanfront property owners." Petitioners further claim that had the General Assembly "truly intended Wrightsville Beach to establish an additional setback from the 'Building Line,' such language would be included within the 1939 Act." While we agree that the 1939 Act does not contain language granting the Town the authority to further zone setbacks, a later amendment to the 1939 Act does.

In 1981, the General Assembly amended the 1939 Act as follows:

Section 1. Chapter 246 of the Public Laws of 1939 is amended by striking the word phrase "the building line" where it appears in quotes throughout the act and substituting in lieu thereof the word phrase "the property line" which shall be without quotes as the phrase "the building line" was in the original act.

Sec. 2. The Town of Wrightsville Beach, by ordinance, shall determine the minimum building setback requirements from the property line described in Chapter 246, Public Laws of 1939, as amended by this act.

Act of June 19, 1981, ch. 618, sec. 1, 2, 1981 N.C. Sess. Laws 904.

Additionally, the General Assembly has authorized municipalities to "regulate and restrict the height, number of stories and size

of buildings and other structures, the percentage of lots that may be occupied, the size of yards, courts and other open spaces, . . . and the location and use of buildings, structures and land . . . ," in order to promote health, safety, morals, or the general welfare. G.S. § 160A-381(a).

Here, the Town enacted a zoning ordinance that provides that there shall be a "15 feet setback for the front yard street access frontage and 7-1/2 feet for all other yards." Town of Wrightsville Beach, Zoning Ordinance § 155.009(A). This ordinance was established under the grant of power contained in both the 1981 Amendment to the 1939 Act and G.S. § 160A-381(a), and is valid. The clear language of this ordinance calls for a rear yard setback of "7-1/2 feet," from the property line. Petitioners' house was one and one-half feet from the property line, and thus was not in conformity with the ordinance, as the Board of Adjustment and the superior court found. This assignment of error is overruled.

**[2]** Petitioners next argue that the Town's selective enforcement of its rear yard setback ordinance violates petitioners' due process and equal protection guarantees under both the North Carolina and United States Constitutions. Specifically, petitioners contend that the Town allowed other residents near their property to build closer to the property line than the 7½ foot rear yard setback. For the following reasons, we overrule this assignment of error.

In *Grace Baptist Church v. City of Oxford*, 320 N.C. 439, 358 S.E.2d 372, our Supreme Court held that:

A party seeking to prove that a municipality's enforcement of a facially valid ordinance amounted to a denial of equal protection must show that the municipality engaged in conscious and intentional discrimination. Mere laxity in enforcement does not satisfy the elements of a claim of selective or discriminatory enforcement in violation of the equal protection clause. The party who alleges selective enforcement of an ordinance has the burden of showing that the ordinance has been administered with an evil eye and an unequal hand. To satisfy this burden, he must demonstrate a pattern of conscious discrimination.

*Id.* at 445, 358 S.E.2d at 376 (internal citations and quotation marks omitted).

A review of the evidence shows that only four residences in the vicinity of petitioners' residence have been built to or beyond the

property line. Further, there is uncontradicted testimony from Bill Manley, a Town Building Inspector, that during his sixteen years with the Town a rear yard setback of 7½ feet from the property line was required. The record is devoid of any evidence to suggest "conscious and intentional discrimination" on the part of the Town in enforcing its ordinances.

Affirmed.

Judges WYNN and STEELMAN concur.