WORLEY v. CITY OF ASHEVILLE

[100 N.C. App. 596 (1990)]

―――――――――――――――

DAN C. WORLEY v. CITY OF ASHEVILLE

No. 9028SC320

(Filed 6 November 1990)

**Municipal Corporations § 9 (NCI3d) — city employee — performance evaluation — amount of pay raise — no genuine issue for trial court**

Where petitioner's job performance as a city building inspector was rated "above standard" and he received the 6% pay increase commensurate with that rating, and there was

no evidence in the record that respondent city violated any procedural rules in evaluating petitioner, he was not denied a pay increase to which he was entitled, and no genuine issue of material fact was presented in his appeal to the superior court as to whether he should have received a pay raise of 7.5% which is given to those evaluated as "outstanding." Ch. 757, 1953 Session Laws, as amended by Ch. 415, 1977 Session Laws.

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 262.**

APPEAL by petitioner from *Lewis (Robert D.), Judge.* Judgment entered 25 January 1990 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 22 October 1990.

This is a civil action wherein petitioner, pursuant to Chapter 757 of the 1953 Session Laws [as amended in Chapter 415 of the 1977 Session Laws], seeks to challenge a pay increase he received as a building inspector for the City of Asheville. The record on appeal discloses that on 18 May 1989, petitioner's job performance was rated "above standard" in an evaluation by Harold Garland, his immediate supervisor. As a result of this evaluation, petitioner became entitled to a six percent (6%) increase in salary. Mr. Garland's decision was upheld by the head of petitioner's department and later by the Asheville city manager. Petitioner then appealed to the Asheville Civil Service Board. The Board affirmed the decision theretofore made by Mr. Garland and approved by the head of petitioner's department and the Asheville city manager, and determined that respondent had not violated any procedural rules in evaluating petitioner's entitlement to a raise in pay. Petitioner gave timely notice of appeal from the Board's decision and petitioned the Superior Court of Buncombe County for a trial *de novo* on the issue of whether the pay increase he received was justified. On 25 January 1990, the trial court entered an order allowing respondent's motion for summary judgment. Petitioner appealed.

*Patla, Straus, Robinson & Moore, P.A., by Harold K. Bennett, for petitioner, appellant.*

*Nesbitt & Slawter, by William F. Slawter, for respondent, appellee.*

*Associate City Attorney for the City of Asheville, Martha McGlohon, for respondent, appellee.*

HEDRICK, Chief Judge.

Petitioner's sole argument on appeal is that the trial court erred by granting respondent's motion for summary judgment. He claims the evidence before the trial court in the hearing on respondent's summary judgment motion raises a genuine issue as to whether he was entitled to a salary increase of 7.5%. We disagree.

Chapter 757 of the 1953 Session Laws, as amended in Chapter 415 of the 1977 Session Laws, provides as follows:

Whenever any member of the classified service of the City of Asheville is discharged, suspended, reduced in rank, transferred against his or her will, *or is denied any promotion or raise in pay which he or she should be entitled to*, that member shall be entitled to a hearing before the Civil Service Board of the City of Asheville to determine whether or not the action complained of is justified . . . . Within 10 days of the receipt of notice of the decision of the board, either party may appeal to the Superior Court division of the General Court of Justice for Buncombe County for a trial *de novo* (emphasis added).

The petitioner has not been discharged, suspended, reduced in rank or transferred against his will. Neither has he been denied any promotion or raise in pay to which he should be entitled. If the petitioner had received an evaluation of "outstanding," he would have been entitled to a 7.5% pay increase, and under these circumstances, if the Civil Service Board had denied him that 7.5% pay increase, he would have been able to appeal that decision to the Superior Court in a trial *de novo*.

Petitioner contends that he has been denied a pay increase to which he is entitled, and that whether he is in fact entitled to this increase is a genuine issue of material fact which makes summary judgment improper. However, the petitioner was evaluated as an "above-standard" employee and received the 6% pay increase commensurate with that rating. Since petitioner received the pay increase to which he was entitled under the City of Asheville's Management Objectives Appraisal System, and there is no evidence in the record that respondent violated any procedural rules in evaluating the appellant, no genuine issue of material fact is present. Therefore, summary judgment for respondent will be affirmed.

Affirmed.

Judges ARNOLD and PHILLIPS concur.