ALAN E. O'DONNELL, PLAINTIFF/APPELLANT v. CITY OF ASHEVILLE AND THE CIVIL SERVICE BOARD OF THE CITY OF ASHEVILLE, DEFENDANTS/APPELLEES

No. 9228SC1179

(Filed 21 December 1993)

**Municipal Corporations § 369 (NCI4th) — Asheville police officer — denied promotion — appeal — pleadings — jurisdiction of superior court**

A trial court dismissal of a petition for lack of subject matter jurisdiction was affirmed where plaintiff was a police officer in Asheville who was denied a promotion, the Civil Service Board affirmed the denial, and plaintiff petitioned the superior court, alleging that he was "eligible" for promotion. Under the Act, published in the Session Laws, a member of the classified service of the City of Asheville who is denied a promotion to which he or she should be entitled is entitled to a hearing before the Civil Service Board of Asheville and may appeal the decision of the Board to the superior court. The superior court is powerless to act unless plaintiff is, and alleges that he is, "entitled" to a promotion. Moreover, the granting of promotions is a discretionary matter in which the court will not interfere unless the administrative body violates the law; nothing in the record here indicates that the City or the Board violated any law.

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 275 et seq.**

Appeal by plaintiff from order entered 14 July 1992 by Judge Robert D. Lewis in Buncombe County Superior Court. Heard in the Court of Appeals 20 October 1993.

O'DONNELL v. CITY OF ASHEVILLE

[113 N.C. App. 178 (1993)]

Plaintiff was hired by the Asheville Police Department (the Department) in July 1987. In October 1990, he applied for a promotion, but the application was denied. According to plaintiff's allegations, he met all requirements for, and completely qualified for, the promotion.

Plaintiff appealed to the City Manager, but the City Manager affirmed the denial. Asheville's Civil Service Board (the Board) remanded the grievance to the City Manager for reconsideration, but the denial was again affirmed. Plaintiff appealed once more to the Board, at which time the appeal was dismissed. Plaintiff petitioned the superior court seeking either (1) an order compelling the Board to conduct a hearing concerning the denial of his promotion, or (2) a trial de novo in superior court. The superior court dismissed the petition for lack of subject matter jurisdiction. From this order plaintiff appeals.

*Whalen, Hay, Pitts, Hugenschmidt, Master, Devereux & Belser, P.A., by Barry L. Master and David G. Belser, for plaintiff appellant.*

*Nesbitt & Slawter, by William F. Slawter; and Associate City Attorney Martha Walker McGlohon, for defendant appellees.*

ARNOLD, Chief Judge.

Plaintiff proceeds under 1953 Sess. Laws ch. 757 (the Act), and the amendments thereto, published at 1977 N.C. Sess. Laws ch. 415. Specifically, plaintiff refers to the following section:

Whenever any member of the classified service of the City of Asheville is discharged, suspended, reduced in rank, transferred against his or her will, or *is denied any promotion or raise in pay which he or she should be entitled to*, that member shall be entitled to a hearing before the Civil Service Board of the City of Asheville to determine whether or not the action complained of is justified.

1977 N.C. Sess. Laws ch. 415, § 1 (emphasis added). The Act further provides that "[w]ithin 10 days of the receipt of notice of the decision of the [B]oard, either party may appeal to the Superior Court . . . for a trial de novo." *Id.* at § 6. In his order dismissing the petition, the superior court judge indicated that his decision was based upon plaintiff's failure to allege that he was "denied a promotion to which he would be entitled." Plaintiff contends that this

O'DONNELL v. CITY OF ASHEVILLE

[113 N.C. App. 178 (1993)]

is a "hypertechnical" defect in pleading and that the petition was erroneously dismissed because defendants had sufficient notice of the facts to allow them to answer and prepare for trial. We agree with defendants that the petition was properly dismissed.

Plaintiff's failure to allege that he is entitled to a promotion is more than a harmless technical error. Without that allegation, the petition does not vest subject matter jurisdiction in the superior court, and whenever the court does not have subject matter jurisdiction, the judge must dismiss. N.C.R. Civ. P. 12(h)(3).

The outcome of this case turns on the distinction between "entitled" and "eligible." The Act provides a right to a hearing, and the right to a trial de novo, to a person who is "entitled" to a promotion. Without that entitlement, plaintiff has no right to demand a hearing, regardless of his qualifications. Likewise, the superior court is powerless to act unless plaintiff is, and alleges that he is, "entitled" to a promotion. *See Mullen v. Town of Louisburg*, 225 N.C. 53, 61, 33 S.E.2d 484, 489 (1945) (court will not interfere with local administrative board's discretion until a complainant's legal right is infringed).

Plaintiff appears eligible for promotion, but there is no indication that he is entitled to promotion. It further appears from the record that the granting of promotions is a discretionary matter. The court will not interfere in a purely discretionary matter unless the administrative body involved violates the law. *See, e.g., Wayne County Bd. of Educ. v. Lewis*, 231 N.C. 661, 58 S.E.2d 725 (1950); *Henry v. North Carolina Dept. of Transp.*, 44 N.C. App. 170, 260 S.E.2d 438 (1979), *disc. review denied*, 299 N.C. 330, 265 S.E.2d 396 (1980). Nothing in the record indicates that the City or the Board violated any law, so the superior court's decision is affirmed.

Affirmed.

Judges WELLS and JOHNSON concur.