JENNIFER JACOBS, Plaintiff v. CITY OF ASHEVILLE, Defendant

No. COA99-526

(Filed 18 April 2000)

## 1. Appeal and Error— appealability—interlocutory order—order granting jury trial—substantial right

Although the City of Asheville appeals from an interlocutory order denying its motion to dismiss plaintiff-employee's complaint seeking reinstatement, back wages, and a jury trial for de novo review of the Asheville Civil Service Board's decision to uphold the city manager's termination of plaintiff's employment, the order is appealable because an order granting a jury trial affects a substantial right.

## 2. Constitutional Law— State—de novo review of quasi-judicial agency decision—not unconstitutional

In a case where plaintiff-employee sought reinstatement, back wages, and a jury trial for de novo review of the Asheville Civil Service Board's decision to uphold the city manager's termination of plaintiff's employment, the trial court did not err in determining that the provision of the Asheville Civil Service Law providing for a de novo jury trial to an appellant from the decision of its Civil Service Board is constitutional because: (1) there is a presumption in favor of the constitutionality of a statute enacted by the legislature, and the City of Asheville has not carried its burden to show that the statute is unconstitutional; (2) the legislature may constitutionally provide for a de novo review of a quasi-judicial decision of an agency; (3) review of a quasi-judicial decisions of an agency by certiorari is not mandated when there is a specific act of the legislature providing a different scope of review; (4) a provision for a jury trial merely changes the identity of the fact-finder; and (5) the statutory procedure does not impermissibly allow the superior court to substitute its judgment for that of the Board.

Appeal by defendant from an order denying its motion to dismiss entered 17 February 1999 by Judge James U. Downs in Buncombe County Superior Court. Heard in the Court of Appeals 9 February 2000.

Jennifer Jacobs (plaintiff) was hired by the City of Asheville (the City) in 1979, and worked in the City Personnel Office until she was

terminated in 1998. That termination is the subject of this litigation. On 16 December 1997, based on an allegedly unauthorized payroll decision made by plaintiff, the Asheville Personnel Director demoted plaintiff to a lower position in the personnel department. Plaintiff appealed her demotion to the Asheville City Manager, who held a grievance conference on 2 February 1998. At the conference he considered additional information not found in plaintiff's personnel file, but was related to prior disciplinary action taken against plaintiff for a similar misapplication of the City's pay policy. On 27 February 1998, the City Manager terminated plaintiff's employment with the City. Plaintiff appealed her termination to the Asheville Civil Service Board (the Board), which upheld the decision of the City Manager. Pursuant to the Asheville Civil Service Law, plaintiff sought a *de novo* review in the Superior Court of Buncombe County by filing a complaint seeking reinstatement, back wages, and a jury trial. The City moved to dismiss the complaint, alleging that the provision of the Asheville Civil Service Law which allows a *de novo* trial before the superior court upon appeal from a decision of the Board is unconstitutional, and that plaintiff's complaint did not set out a cause of action. The trial court denied the City's motion and the City appealed to this Court. The City acknowledges that its appeal is interlocutory, but argues that it involves a substantial right. However, the City also filed a petition for a writ of certiorari on 26 May 1999.

*Van Winkle, Buck, Wall, Starnes, and Davis, P.A., by Michelle Rippon; and George Weaver, II, for plaintiff appellee.*

*Patla, Straus, Robinson & Moore, P.A., by Sharon Tracey Barrett and Alan Z. Thornburg; and Robert W. Oast, Jr., for defendant appellant.*

HORTON, Judge.

[1] The City contends the trial court erred in determining that the provision of the Asheville Civil Service law providing for a jury trial *de novo* is constitutional, and also erred in determining that plaintiff's complaint does state a claim for which relief may be granted. The order entered by the trial court was clearly interlocutory. However, we have previously held that an order *denying* a motion for a jury trial is appealable because it deprives the appellant of a substantial right. *In re Ferguson*, 50 N.C. App. 681, 274 S.E.2d 879 (1981). Our Supreme Court has ruled that an order *granting* a jury trial also affects a substantial right, and thus is immediately appealable.

*Faircloth v. Beard,* 320 N.C. 505, 507, 358 S.E.2d 512, 514 (1987), *overruled on other grounds by Kiser v. Kiser,* 325 N.C. 502, 385 S.E.2d 487 (1989). We hold, therefore, that the order of the trial court in this case affected a substantial right of the City, and the appeal from that order is properly before us. In light of our holding, we need not consider defendant's petition for writ of certiorari.

**[2]** The City contends that the provision of the Asheville Civil Service Law granting a *de novo* jury trial to an appellant from the decision of its Civil Service Board is unconstitutional because it violates the separation of powers between the branches of state government guaranteed by Article I, § 6 of the North Carolina Constitution. ("The legislative, executive and supreme judicial powers of the State government shall be forever separate and distinct from each other.") The City argues that a review of the Civil Service Board's decision by the superior court under the *de novo* standard violates this constitutional guarantee because it allows the judicial branch to substitute its judgment for that of the Asheville City Manager on a personnel matter. We disagree for the reasons set out below.

It is familiar learning that there is a presumption in favor of the constitutionality of a statute enacted by the legislature. *Vinson v. Chappell,* 3 N.C. App. 348, 350, 164 S.E.2d 631, 632 (1968), *aff'd,* 275 N.C. 234, 166 S.E.2d 686 (1969). Statutes are to be upheld unless it "clearly, positively, and unmistakably appears" that they are unconstitutional; a "mere doubt" does not justify the courts in declaring an act of the legislature unconstitutional. *Id.* The burden of establishing that a statute is unconstitutional is upon the party challenging the legislation. *Mobile Home Sales v. Tomlinson,* 276 N.C. 661, 668, 174 S.E.2d 542, 548 (1970). We hold that the City of Asheville has not carried the burden of showing the unconstitutionality of the portion of its Civil Service Law allowing a *de novo* review in the superior court of the decision of its Civil Service Board.

As originally enacted in 1953, the Asheville Civil Service Law established a Department of Civil Service as a part of Asheville city government. The Department of Civil Service was to be managed by a Director, acting in cooperation with a Civil Service Board. 1953 N.C. Sess. Laws ch. 757, § 1. The Civil Service Board was to make rules for "the appointment, promotion, transfer, layoff, reinstatement, suspension and removal of employees in the qualified service." After a public hearing, and approval by the city council, the rules were to be in full force and effect. *Id.* at § 4. However, the 1953 Act did not provide

the mechanism for judicial review of a decision of the Board. In *In re Burris*, 261 N.C. 450, 453, 135 S.E.2d 27, 30 (1964), our Supreme Court outlined the proper procedure to secure review of an adverse decision of the Civil Service Board:

> In view of the provisions of the statute creating the Civil Service Board of the City of Asheville, and the procedure outlined in Section 14 thereof, we hold that a hearing pursuant to the provisions of the Act with respect to the discharge of a classified employee of the City of Asheville by said Civil Service Board, is a *quasi*-judicial function and is reviewable upon a writ of *certiorari* issued from the Superior Court.

*Id.* (citations omitted) (emphasis in original). *Burris* is in accord with the long-settled rule in North Carolina that "*certiorari* is the appropriate process to review the proceedings of inferior courts and of bodies and officers exercising judicial or *quasi*-judicial functions in cases where no appeal is provided by law." *Russ v. Board of Education*, 232 N.C. 128, 130, 59 S.E.2d 589, 591 (1950) (citations omitted) (emphasis in original).

In 1977, the General Assembly amended the Asheville Civil Service Law to provide, among other things, that

> [w]henever any member of the classified service of the City of Asheville is discharged, suspended, reduced in rank, transferred against his or her will, or is denied any promotion or raise in pay which he or she should be entitled to, that member shall be entitled to a hearing before the Civil Service Board of the City of Asheville to determine whether the action complained of is justified.
>
> . . . .
>
> At such hearing, the burden of proving the justification of the act or omission complained of shall be upon the City of Asheville and the member requesting the hearing shall be entitled to inspect and copy any records upon which the city plans to rely at such hearing, provided that such records are requested in writing by the member or his attorney prior to the day set for the hearing.
>
> The civil service board shall render its decision in writing within five days after the conclusion of the hearing. If the board determines that the act or omission complained of is not justified, the

board shall order to rescind whatever action the board has found to be unjustified and may order the city to take such steps as are necessary for a just conclusion of the matter before the board. Upon reaching its decision, the board shall immediately inform the city clerk and the member requesting the hearing of the board's decision and shall do so in writing.

Within 10 days of the receipt of notice of the decision of the board, either party may appeal to the Superior Court Division of the General Court of Justice for Buncombe County for a trial de novo. The appeal shall be effected by filing with the Clerk of the Superior Court of Buncombe County a petition for trial in superior court, setting out the facts upon which the petitioner relies for relief. If the petitioner desires a trial by jury, the petition shall so state.

1977 N.C. Sess. Laws ch. 415, §§ 1, 4, 5, and 6. Later in the 1977 Session, the legislature amended one of the provisions of Chapter 415, but that amendment is not relevant to the questions raised by this appeal. 1977 N.C. Sess. Laws ch. 530, § 1.

Following the 1977 amendments, this Court had occasion to define the scope of a *de novo* hearing in the Buncombe County Superior Court on appeal from a decision of the Board. We stated in *Warren v. City of Asheville*, 74 N.C. App. 402, 328 S.E.2d 859, *disc. review denied*, 314 N.C. 336, 333 S.E.2d 496 (1985), that trial *de novo* " 'vests a court with full power to determine the issues and rights of all parties involved, and to try the case as if the suit had been filed originally in that court.' . . . *'This means that the court must hear or try the case on its merits from beginning to end as if no trial or hearing had been held by the Board and without any presumption in favor of the Board's decision.'* " *Id.* at 405-06, 328 S.E.2d at 862 (emphasis added) (quoting from *In re Hayes*, 261 N.C. 616, 622, 135 S.E.2d 645, 649 (1964)).

*Warren* involved the appeal of an Asheville police officer, whose dismissal from the police force was upheld by the Civil Service Board. Pursuant to the same Civil Service Law before us in this case, Officer Warren appealed to the Buncombe County Superior Court and requested a trial by jury. The jury found that the Asheville Chief of Police was not "justified" in discharging Warren from employment; the superior court entered judgment based on the jury verdict; and the City appealed to this Court, alleging error. This Court affirmed the judgment of the superior court, noting that where a *de novo* standard

applies, the affirmance by the Civil Service Board of the decision of the Chief of Police "is to be given no presumption of validity, and the jury is to make its own determination, under proper instructions from the trial court, on whether the Police Chief had justification for the actions he took against [Officer Warren]." *Id.* at 406, 328 S.E.2d at 862.

We find further support in *In re Hayes* for our view that the legislature may constitutionally provide for a *de novo* review of the quasi-judicial decision of an agency. In *Hayes*, the parents of a school child requested that their child be reassigned to another high school for the coming school year. The Fremont City Board of Education denied their request, and the parents appealed to the Wayne County Superior Court. By consent of the parties, a referee was appointed to hear the evidence, make findings of fact, state his conclusions of law arising from the facts, and report to the Court. The referee held an extensive hearing, and found, among other things, that the student seeking reassignment needed certain courses for college admission not available to her at the school to which she was originally assigned, and concluded that her reassignment would "be for her best interest, and that her reassignment will in nowise interfere with the proper administration of said school . . . ." *In re Hayes*, 261 N.C. 616, 619, 135 S.E.2d 645, 647 (1964). The Board of Education excepted to both the referee's findings of fact and conclusions of law, but the superior court found that "the findings of fact and conclusions of law found by the referee are correct and based upon competent evidence and the law applicable thereto." *Id.* at 620, 135 S.E.2d at 648.

On appeal, our Supreme Court noted that the then-applicable statutory provision (N.C. Gen. Stat. § 115-179) provided that upon appeal from a Board of Education to the superior court the matter was to be heard " '*de novo* in the superior court before a jury in the same manner as civil actions are tried and disposed of therein.' " *Hayes*, 261 N.C. at 622, 135 S.E.2d at 649 (citation omitted). That provision, according to the Supreme Court, "vests the superior court with full power to make the requested reassignment if permitted by law." *Id.* In *Hayes*, the Supreme Court did not question the *de novo* nature of the review by the superior court, including the right to a jury trial, but explained that in that case the parties waived the right to a jury trial by consenting to a reference. Had the parties not consented to a reference, they would have been entitled to a "decision . . . reached through trial of the matter by a jury in the superior court . . . ." *In re Varner*, 266 N.C. 409, 418, 146 S.E.2d 401, 409 (1966).

The City contends, however, that the proper procedure for judicial review should be by means of certiorari to the superior court and a nonjury review of the written record by the superior court. We are aware that our statutes governing the review of quasi-judicial decisions by the superior court usually provide for "proceedings in the nature of certiorari," rather than a *de novo* review. *See, for example,* N.C. Gen. Stat. § 160A-381(c) (1999) (governing the review by certiorari of city council decisions which grant or deny special use permits). However, contrary to defendant's contentions, review of the quasi-judicial decisions of an agency by certiorari is not mandated when there is a specific act of the legislature providing a different scope of review. Based on the decisions of our Supreme Court as discussed above, we hold that proceedings in the nature of certiorari are appropriate only when the applicable act does not provide for review through an appeal. *Russ v. Board of Education,* 232 N.C. at 130, 59 S.E.2d at 591.

We also note that there is a division of authority among our sister states about the scope of review provided to a public employee who has been terminated. "The review by a court may be in the nature of a trial de novo or may not." 4 McQuillin, Mun. Corp. § 12.265 (rev. 3d ed. 1992), p. 699 (citing numerous cases). While a jury trial is ordinarily not authorized in such circumstances, we do not think the provision for a jury trial invalidates the procedure. Assuming that a *de novo* procedure is permissible, provision for a jury trial merely changes the identity of the fact-finder.

Finally, we do not think the statutory procedure impermissibly allows the superior court to substitute its judgment for that of the Board. The question before the superior court is not whether the employee should have been terminated rather than demoted, suspended, or transferred, but whether the action of the employee's supervisor was "justified." *See Warren,* 74 N.C. App. 402, 328 S.E.2d 859. We find support for our position in the decision of our Supreme Court in *In re Revocation of License of Wright,* 228 N.C. 584, 46 S.E.2d 696 (1948), which clarified that Court's earlier opinion reported at 228 N.C. 301, 45 S.E.2d 370 (1947). (For clarity, we refer to the earlier opinion as *Wright I,* the later as *Wright II.*)

In *Wright I,* the North Carolina Department of Motor Vehicles (DMV) was notified by South Carolina authorities that Mr. Wright had been found guilty of driving while intoxicated in that state. In its discretion, DMV suspended Mr. Wright's driving privilege and Mr. Wright

petitioned the superior court for review pursuant to the provisions of the motor vehicle law. The statute then in effect [N.C. Gen. Stat. § 20-25] provided that the superior court was " 'to take testimony and examine into the facts of the case, and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation, or revocation of license under the provisions of this article.' " *Wright I*, 228 N.C. at 303, 45 S.E.2d at 372 (citation omitted).

After a hearing, the superior court found that Wright's license was "wrongfully revoked," and ordered its restoration. On appeal, our Supreme Court affirmed the judgment of the trial court. The Supreme Court described the hearing in superior court as "more than a review as upon a writ of *certiorari*. It is a rehearing *de novo*, and the judge is not bound by the findings of fact or the conclusions of law made by the department. Else why 'take testimony,' 'examine into the facts,' and 'determine' the question at issue?" *Id.*

At rehearing, DMV centered its argument on the constitutionality of the procedure which allowed for review of its discretionary decision by the superior court. DMV argued that a *de novo* hearing before the superior court allowed the superior court to "exercis[e] delegated legislative and administrative authority; that the Act sets up no standards for the guidance of the Court, which is left free to exercise an unbridled discretion; and therefore the statute is unconstitutional in that it delegates legislative authority to the Court without prescribing proper standards for the exercise thereof." *Wright II*, 228 N.C. at 586, 46 S.E.2d at 698.

The Supreme Court rejected the arguments of DMV, holding in part that the "jurisdiction vested in the court by [the statute] does not constitute a delegation of legislative and administrative authority. The review is judicial and is governed by the standards and guides which are applicable to other judicial proceedings." *Id.* at 587, 46 S.E.2d at 698. The Court noted that the superior court has inherent authority to review the discretionary actions of any administrative agency on certiorari, but that in this instance the statute "provides for direct approach to the courts and *enlarges the scope of the hearing.*" *Id.* at 587, 46 S.E.2d at 698 (emphasis added). The *Wright II* Court also pointed out that the statute did not fail because it did not provide "standards" for the guidance of the trial court, since the courts already have their own rules of procedure. "Any litigant may rest assured that those standards and rules to which the courts adhere give full assurance against any unbridled exercise of discretionary

power." *Id.* Most important for our analysis in the case before us is the following statement by the *Wright II* Court:

> It must be noted, however, that the discretion to suspend or revoke, or not to suspend or revoke, is vested in the department, subject to a judicial review of the facts upon which its action is based. No discretionary power is conferred upon the Superior Court. Hence, if the judge, upon the hearing, finds and concludes that the license of the petitioner is in fact subject to suspension or revocation under the provisions of the statute, the order of the department entered in conformity with the facts found must be affirmed.

*Id.* at 589, 46 S.E.2d at 700.

Thus, in the case here under consideration, the Buncombe County Superior Court may not substitute its judgment for that of the Asheville City Manager, but must determine whether the decision to terminate plaintiff was justified under the provisions of the Asheville Civil Service Law. If that decision was justified, then the superior court must affirm the decision of the Board.

Neither the trial court nor the jury is called upon to decide whether *it* would have discharged Ms. Jacobs. This procedure, admittedly more cumbersome than a nonjury review on the written record, recognizes the interest of the employee in her continued employment, and guarantees full protection of her due process rights prior to termination of that employment. The portion of the Asheville Civil Service Law awarding a *de novo* hearing before the superior court has been in effect since our General Assembly enacted it in 1977. Nothing in this record indicates that the citizens of Asheville have petitioned the General Assembly through their elected representatives to modify the questioned provision.

We have carefully considered all of defendant's arguments and other assignment of error, but find no grounds for disturbing the order of the trial court. Plaintiff alleged she was denied due process because incompetent evidence was considered at the conference. She also alleged that her termination was not based on her conduct, but was in retaliation for her pursuit of her grievance. Those allegations are an adequate recitation of the "facts upon which petitioner relies for relief," as required by the Asheville Civil Service Law and our notice system of pleading. 1977 N.C. Sess. Laws ch. 415, § 6. The judgment of the trial court is affirmed.

Affirmed.

Judges MARTIN and TIMMONS-GOODSON concur.