JOHNNIE E. HARPER, Petitioner v. CITY OF ASHEVILLE, Respondent

No. COA02-1044

(Filed 2 September 2003)

**1. Administrative Law— appeal to superior court—session law—de novo review of jurisdiction**

An appeal of right existed from a decision by the Asheville Civil Service Board that it lacked jurisdiction over an employment grievance. The session law in which the Asheville Civil Service Law appears does not suggest a legislative intent that the superior court defer to the Board's findings and conclusions on subject matter jurisdiction. Moreover, the court has jurisdiction to determine the whole case, including jurisdiction, when a statute provides appeal from an agency decision de novo, as in this case. Finally, even if no right of appeal exists, the standard of review is de novo for questions of subject matter jurisdiction.

**2. Administrative Law— appeal to superior court—de novo determination of jurisdiction**

The right to appeal a civil service board's jurisdictional decision entitled petitioner to a de novo determination by the trial court. The trial court's deferential standard of review was improper; however, after its own de novo review, the Court of Appeals concluded that the Asheville Board lacked subject matter jurisdiction.

Appeal by petitioner from judgment entered 29 April 2002 by Judge Robert D. Lewis in Buncombe County Superior Court. Heard in the Court of Appeals 23 April 2003.

*Biggers & Hunter, P.L.L.C., by John C. Hunter, for petitioner-appellant.*

*Office of the City Attorney for the City of Asheville, by Assistant City Attorney II Martha Walker-McGlohon, for respondent-appellee.*

GEER, Judge.

This appeal presents the question whether an individual is entitled, under § 8(f) of Chapter 303 of the 1999 N.C. Sess. Laws, to appeal to superior court a determination of the Asheville Civil Service

Board ("the Board") that it lacked subject matter jurisdiction over the individual's grievance. The superior court ruled below that it had no subject matter jurisdiction and could review the Board's decision only pursuant to a *writ of certiorari*. We hold that, under the pertinent session law, petitioner Johnnie Harper was entitled to *de novo* review of the Board's decision by the superior court, but that the question of subject matter jurisdiction is a question for the court and not the jury. Because, however, our review of the record reveals no disputed issue of fact regarding whether Mr. Harper resigned, we affirm the trial court's dismissal of Mr. Harper's petition.

As originally enacted in 1953, the Asheville Civil Service Law provided a system of civil service protection for employees of the City of Asheville, but did not provide a mechanism for judicial review of decisions of the Civil Service Board. *Jacobs v. City of Asheville*, 137 N.C. App. 441, 443-44, 528 S.E.2d 905, 907 (2000). In 1977, the General Assembly amended the Asheville Civil Service Law to allow appeal from a decision of the Board to superior court for a trial *de novo*. *Id.* at 444-45, 528 S.E.2d at 907-08; 1977 N.C. Sess. Laws ch. 415.

The current version of the Asheville Civil Service Law appears at 1999 N.C. Sess. Law ch. 303. The act sets forth an administrative review procedure for certain personnel actions taken with respect to covered city employees. Specifically, under § 8(a) of this session law, "[w]henever any member of the classified service of the City is discharged, suspended, reduced in rank, transferred against his or her will, or is denied any promotion or raise in pay which he or she would be entitled to, that member shall be entitled to a hearing before the Civil Service Board to determine whether or not the action complained of is justified."

Mr. Harper worked for the City of Asheville in its Parks and Recreation Department and was covered by the civil service provisions of 1999 N.C. Sess. Law ch. 303. On 30 June 2000, Mr. Harper submitted a grievance alleging that the City of Asheville had unlawfully dismissed him from employment. After a determination by the Parks and Recreation Director that he had voluntarily resigned his position effective 22 June 2000, Mr. Harper sought a hearing before the Board under 1999 N.C. Sess. Law ch. 303, § 8(a).

Following an evidentiary hearing, the Board dismissed the grievance in an order dated 23 October 2000. The Board found that "[o]n June 8, 2000 Harper voluntarily resigned his position with the City of Asheville by giving notice of his resignation, effective June 22, 2000."

The Board concluded as a matter of law that "having found that Harper voluntarily resigned from his employment, the Civil Service Board has no jurisdiction to grant relief in this matter."

On 2 November 2000, Mr. Harper filed a petition for trial *de novo* in Buncombe County Superior Court. The City filed a motion to dismiss under Rules 12(b)(6), 12(b)(1), and 12(b)(2) on 21 November 2000. On 14 March 2001, the City filed a motion to continue explaining that "upon further review of the Complaint filed by the Petitioner, matters outside of the pleadings will need to be considered by the court in ruling upon Respondent's Motion to Dismiss . . . ." The City filed an answer on 23 April 2001, followed by a motion for summary judgment contending that the superior court lacked subject matter jurisdiction.

On 4 December 2001, the trial court entered an order stating that "in order for the Court to determine its subject matter jurisdiction, the Court must first review, by proceedings in the nature of certiorari, the decision rendered by the Asheville Civil Service Board dismissing Petitioner's Grievance for lack of subject matter jurisdiction . . . ." The court ordered, pursuant to Rule 19 of the General Rules of Practice for the Superior and District Courts and N.C. Gen. Stat. § 1-269, that the complete record of proceedings before the Board be filed with the court. The court further directed that the matter be placed upon the trial calendar "for the sole purpose of determining whether the [Civil] Service Board properly dismissed Petitioner's grievance for lack of subject matter jurisdiction."

On 22 April 2002, Judge Robert D. Lewis heard the continued motion for summary judgment and Mr. Harper's petition for a jury trial *de novo*. With respect to Mr. Harper's petition, Judge Lewis concluded that the Board "considered conscientiously the evidence and determined unanimously that Johnnie Harper had resigned[;]" that without the necessary predicate action of a discharge, the Board had no jurisdiction; and "[a] fortior[i], the petition does not vest subject matter jurisdiction in the Superior Court . . . ." In considering the court's own *writ of certiorari*, the court stressed that "the judge presiding does not substitute his or her own judgment for that of the Board," but decides only whether the Board committed an error of law and whether the decision was supported by competent evidence in the record. Finding no error of law and that competent evidence supported the Board's decision, Judge Lewis concluded that Mr. Harper was not entitled to relief by way of the *writ of certiorari*. Mr. Harper appealed from this order.

HARPER v. CITY OF ASHEVILLE

[160 N.C. App. 209 (2003)]

I

**[1]** The first question presented by this appeal is whether Mr. Harper was entitled to *de novo* review before the superior court under 1999 N.C. Sess. Laws ch. 303 or whether the court properly considered his appeal pursuant to a *writ of certiorari*. Review by *certiorari* is appropriate when no right to appeal has been provided by law. *Russ v. Board of Education*, 232 N.C. 128, 130, 59 S.E.2d 589, 591 (1950).

In determining whether the trial court erred in reviewing this case by way of *certiorari*, we must decide whether 1999 N.C. Sess. Laws ch. 303 provided Mr. Harper with a right to appeal from the Board's conclusion that it lacked jurisdiction. The session law provides:

Within ten days of the receipt of notice of the decision of the Board, either party may appeal to the Superior Court Division of the General Court of Justice for Buncombe County for a trial *de novo*. The appeal shall be effected by filing with the Clerk of the Superior Court of Buncombe County a petition for trial in superior court, setting out the facts upon which the petitioner relies for relief. If the petitioner desires a trial by jury, the petition shall so state.

1999 N.C. Sess. Laws ch. 303, § 8(f).

The City argues that Mr. Harper had no right of appeal under this provision because the Board concluded that it lacked jurisdiction. Under the City's view of the Act, any decision by the Board that it lacks jurisdiction is not subject to appeal. We disagree.

No provision of the session law suggests such a limitation. Section 8(f) states that upon receipt of the decision, either party may appeal "for a trial *de novo*." The Board issued a decision under § 8(e), finding that Mr. Harper had not met the requirements of § 8(a). The plain language of § 8(f) of the session law authorized Mr. Harper to appeal that decision.

The language does not suggest that the General Assembly intended to require the superior court to defer to the Board's factual findings and legal conclusions regarding subject matter jurisdiction. To the contrary, our Supreme Court has held that when a statute providing an appeal from an agency decision stipulates that the hearing shall be *de novo*, the statute gives "the court jurisdiction to determine the whole case . . . ." *Able Outdoor, Inc. v. Harrelson*, 341 N.C.

167, 170, 459 S.E.2d 626, 628 (1995). A significant aspect of "the whole case" is whether the agency—or in this case the Board—had jurisdiction.

This Court's prior decisions with respect to the Asheville Civil Service Board are consistent with a *de novo* hearing on the question of subject matter jurisdiction. In *Worley v. City of Asheville*, 100 N.C. App. 596, 598, 397 S.E.2d 370, 370 (1990), *disc. review denied*, 328 N.C. 275, 400 S.E.2d 463 (1991), this Court affirmed the trial court's grant of summary judgment when review of the evidence revealed no issue of fact regarding whether the petitioner was entitled to a pay increase, a prerequisite for review by the Board. Similarly, in *O'Donnell v. City of Asheville*, 113 N.C. App. 178, 180, 438 S.E.2d 422, 423 (1993), the Court affirmed the trial court's dismissal of a petition for lack of jurisdiction based on the allegations of the petition and not on the Board's dismissal: "Plaintiff's failure to allege that he is entitled to a promotion is more than a harmless technical error. Without that allegation, the petition does not vest subject matter jurisdiction in the superior court, and whenever the court does not have subject matter jurisdiction, the judge must dismiss." In neither case did this Court base its decision on the Board's finding of a lack of jurisdiction. *See also Warren v. City of Asheville*, 74 N.C. App. 402, 405-06, 328 S.E.2d 859, 862 (Asheville Civil Service Law's provision for trial *de novo* vests the superior court " 'with full power to determine the issues and rights of all parties . . . as if the suit had been filed originally in the court.' ") (quoting *In re Hayes*, 261 N.C. 616, 622, 135 S.E.2d 645, 649 (1964)), *disc. review denied*, 314 N.C. 336, 333 S.E.2d 496 (1985).

Even if the City were correct and no right to appeal existed, Mr. Harper would still have been entitled to *de novo* review of the Board's decision in this case. For questions of subject matter jurisdiction, the standard of review is *de novo* even when there is no right to appeal. *See, e.g., Raleigh Rescue Mission, Inc. v. Board of Adjustment of City of Raleigh*, 153 N.C. App. 737, 740, 571 S.E.2d 588, 590 (2002) ("Because the issue of whether the Board had jurisdiction is a question of law, the trial court applied the incorrect standard of review. The appropriate review is *de novo*."); *Beauchesne v. University of North Carolina at Chapel Hill*, 125 N.C. App. 457, 468, 481 S.E.2d 685, 692 (1997) (because petitioner contended that the State Personnel Commission erred in deciding that it did not have jurisdiction over a particular personnel action, "our *de novo* review is again required"). Under the *de novo* standard, the trial court is required to consider the question of jurisdiction "anew, as if not previously considered or

decided" by the Board. *Raleigh Rescue Mission*, 153 N.C. App. at 740, 571 S.E.2d at 590.

We hold, therefore, that a right of appeal exists under 1999 N.C. Sess. Laws ch. 303 from a decision of the Board that it lacks jurisdiction under § 8(a) of the session law. The trial court erred (1) in dismissing the petition based on the fact that the Board had found no jurisdiction; and (2) in applying the whole record test to the question of jurisdiction when considering the Board's decision pursuant to the court's *writ of certiorari*. *Raleigh Rescue Mission*, 153 N.C. App. at 740, 571 S.E.2d at 590 (court erred in applying whole record review to question of jurisdiction).

## II

[2] Our holding that Mr. Harper was entitled to appeal the Board's jurisdictional decision does not, however, automatically entitle him to a trial by jury on that question. He was instead entitled to a *de novo* determination of subject matter jurisdiction by the court.

Our Supreme Court has held that a trial court may decide the question of subject matter jurisdiction without a jury even if the evidence presents issues of fact:

> "The issue of jurisdiction is basically one of law. It involves the determination by the court of its right to proceed with the litigation. A decision of this question by the court deprives a litigant of no right to a jury trial of the issue of liability because, if the court has no jurisdiction, the litigants have no rights which they may assert in that court. The right to have a jury pass upon the controverted factual issues must of necessity relate to the assertion of the right of the litigant which has been allegedly violated, which presupposes a court having jurisdiction to grant the relief sought. The determination of the jurisdictional question by the court is not a denial of any constitutional right of a litigant to a jury trial, but simply a determination of the forum in which those rights may properly be asserted. The decision of the question of whether the court has jurisdiction is a preliminary one to the determination of the merits of the cause, and is for the court to decide."

*Burgess v. Gibbs*, 262 N.C. 462, 465-66, 137 S.E.2d 806, 808 (1964) (quoting *Bridges v. Wyandotte Worsted Co.*, 243 S.C. 1, 9, 132 S.E.2d 18, 21-22 (1963), *overruled in part on other grounds, Sabb v. S.C. State Univ.*, 350 S.C. 416, 567 S.E.2d 231 (2002)). More recently, the

Supreme Court has held that once the question of subject matter jurisdiction is raised, the superior court must "follow[] the proper procedure and [make] findings of fact and conclusions of law in resolving the issue." *Lemmerman v. Williams Oil Co.*, 318 N.C. 577, 580, 350 S.E.2d 83, 86 (1986).

Generally, a defendant raises the issue of subject matter jurisdiction by filing, as the City did here, a Rule 12(b)(1) motion. As a leading civil procedure commentator has noted,

> A motion under Rule 12(b)(1) may be used to attack two different types of defects. The first is the pleader's failure to comply with Rule 8(a)(1), which means that the allegations in the complaint are insufficient to show that the . . . court has jurisdiction over the subject matter of the case. . . . The other defect that may be challenged under Rule 12(b)(1) is the court's actual lack of jurisdiction over the subject matter, a defect that may exist despite the formal sufficiency of the allegations in the complaint.

5A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1350 at 211-12 (2d ed. 1990).

As this Court has previously explained, when considering a Rule 12(b)(1) motion—in contrast to a motion under Rule 12(b)(6)—a trial court is not confined to the face of the pleadings, " 'but may review or accept any evidence, such as affidavits, or it may hold an evidentiary hearing.' " *Smith v. Privette*, 128 N.C. App. 490, 493, 495 S.E.2d 395, 397 (1998) (quoting 2 James W. Moore *et al.*, *Moore's Federal Practice*, § 12.30[3] (3d ed. 1997)). Our review of a trial court's decision denying or allowing a Rule 12(b)(1) motion is *de novo* "except to the extent that the trial court resolves issues of fact and those findings are binding on the appellate court if supported by competent evidence in the record." *Id.*

Here, the trial court should have first determined, as required by *O'Donnell*, whether Mr. Harper's petition properly invoked the court's subject matter jurisdiction by alleging a personnel action within the scope of § 8(a) of the session law. *O'Donnell*, 113 N.C. App. at 180, 438 S.E.2d at 423 (without plaintiff's allegation that he was "entitled to" a promotion, "the petition does not vest subject matter jurisdiction in the superior court," and the trial judge must dismiss the petition). Mr. Harper's petition alleges that "[t]he actions of the City herein alleged resulted in the discharge of the Petitioner without just cause and in violation of the Personnel Policy of the City

of Asheville." This allegation sufficiently invokes the superior court's subject matter jurisdiction.

The City was then entitled to challenge, as it did, the factual basis for that allegation. It was the trial court's responsibility to determine *de novo*, upon review of the parties' evidence, whether Mr. Harper resigned or whether he was discharged. *See, e.g., Campbell v. N.C. Dep't of Transp.*, —— N.C. App. ——, 575 S.E.2d 54, 60 (superior court properly determined that agency's conclusion that petitioner voluntarily resigned was an error of law), *disc. review denied*, 357 N.C. 62, 579 S.E.2d 386 (2003). As this Court indicated in *Privette*, the trial court was free to decide the jurisdictional question based on affidavits or other documentary evidence or, if the court found issues of fact, to hold an evidentiary hearing.

It is apparent from Judge Lewis' order that he conducted a careful review of the whole administrative record, but that he applied the wrong standard of review. As stated by Judge Lewis in his order, "With regard to this case, *sub judice*, the judge presiding does not substitute his or her own judgment for that of the Board but decides only: 1. Did the Board commit an error of law? 2. Is the Board's decision that Harper resigned supported by competent evidence in the record?" Judge Lewis thus applied a deferential standard of review to the Board's decision. Under § 8(f) of the session law, however, Mr. Harper was entitled to *de novo* review, which " 'vests a court with full power to determine the issues and rights of all parties involved, and to try the case as if the suit had been filed originally in that court.' " *Warren*, 74 N.C. App. at 405-06, 328 S.E.2d at 862 (quoting *In re Hayes*, 261 N.C. 616, 622, 135 S.E.2d 645, 649 (1964)).

Since the issue of subject matter jurisdiction is a question of law, we may address the dispositive issue without remanding the case to superior court for application of the proper standard of review. *Capital Outdoor, Inc. v. Guilford County Bd. of Adjustment*, 355 N.C. 269, 559 S.E.2d 547 (2002), *adopting per curiam*, 146 N.C. App. 388, 392, 552 S.E.2d 265, 268 (2001) (Greene, J., dissenting). *See also Capital Outdoor, Inc. v. Guilford County Bd. of Adjustment*, 152 N.C. App. 474, 475, 567 S.E.2d 440, 441 (on appeal from superior court's review of agency decision, appellate court must determine whether agency committed any errors in law), *disc. review denied*, 356 N.C. 611, 574 S.E.2d 676 (2002). After a careful *de novo* review of the record, we find no evidence that could support a finding that Mr. Harper was fired. The Board, therefore, properly concluded it lacked subject matter jurisdiction.

ERIE INS. EXCH. v. MILLER

[160 N.C. App. 217 (2003)]

During his testimony before the Board, Mr. Harper admitted, at the beginning of his cross-examination, that he told the receptionist he was quitting at the point when she asked if he wanted to leave a voice mail for the Director of Parks and Recreation. He then repeatedly testified that he could not deny instructing the receptionist to tell the Director that he was quitting effective two weeks later, that the Director should draw up the necessary paperwork, and that Mr. Harper would be going to court. Although given numerous opportunities, Mr. Harper never denied directing the receptionist to tell the Director that he was quitting. Mr. Harper bore the burden of proving that he was discharged as opposed to voluntarily resigning because without a discharge, the superior court lacked subject matter jurisdiction.[1] *Guilford County Planning & Dev. Dep't v. Simmons*, 115 N.C. App. 87, 91, 443 S.E.2d 765, 768 (1994) (plaintiff bears burden of proving subject matter jurisdiction). In light of Mr. Harper's testimony before the Board, he cannot meet his burden.

Although we agree with Mr. Harper's first contention that the trial court erred in reviewing the Board's decision pursuant to a *writ of certiorari*, we conclude that the trial court properly dismissed the petition for lack of subject matter jurisdiction.

Affirmed.

Judges TIMMONS-GOODSON and BRYANT concur.

---

1. Our review of the record does not indicate that Mr. Harper has argued at any point that his resignation amounted to a constructive discharge.