**CITY OF ASHEVILLE v. BOWMAN**

[172 N.C. App. 586 (2005)]

Reversed.

Judges ELMORE and GEER concur.

━━━━━━━━━━

CITY OF ASHEVILLE, A NORTH CAROLINA MUNICIPAL CORPORATION, PLAINTIFF V. KENNETH BOWMAN, JOSEPH BOERNER, CHAD BRIDGES, CHRISTIAN BRENZEL, CHARLES BURCHETT, MARK BYRD, TRACY CROWE, IRIS DURELL, SCOTT EARLY, DONALD EBERHARDT, HENRY FULCHER, STONY GONCE, JANICE HAWKINS, MICHAEL LAMB, JOHN LONG II, JAMES LYDA, STEVE RIDDLE, RONNIE ROBERSON, CHARLES SAMS, JOSEPH SORRELLS, DONALD STOUT, DIANA STUMPF, STASON TYRELL, WILLIAM YELTON, AND THE CITY OF ASHEVILLE CIVIL SERVICE BOARD, DEFENDANTS

No. COA04-1546

(Filed 16 August 2005)

## Public Officers and Employees— jurisdiction of Civil Service Board—pay raise to new hires

Summary judgment was correctly granted for plaintiff city on a grievance by a group of existing police officers with post-secondary degrees to the increased pay levels offered to new hires with post-secondary degrees. The officers (defendants at trial) contend that they alleged a personnel action within the scope of the Asheville Civil Service Act sufficient to invoke the Civil Service Board's jurisdiction because they were entitled to a raise in pay, but no evidence indicates that defendants were eligible for this pay policy and defendants did not show that any such pay policy was approved by the City Council, as required by statute.

Appeal by defendants from order entered 7 July 2004 by Judge E. Penn Dameron, Jr. in Buncombe County Superior Court. Heard in the Court of Appeals 8 June 2005.

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Michelle Rippon, for defendants-appellants.*

*Curtis W. Euler and William C. Morgan, Jr. for plaintiff-appellee.*

ELMORE, Judge.

Defendants are employees of the Asheville Police Department (APD) who were hired prior to 1 July 2000 and who hold post-secondary degrees. The dispute between defendants and the City of Asheville arose out of changes that the APD made in its recruitment and hiring policies. On 19 June 2000, APD Chief of Police Will Annarino (Annarino) distributed a memorandum entitled "Changes in Policies and Procedures Regarding Recruitment, Retention and Career Development" to all APD employees. A subsection of this memo outlined the APD's new policy of increasing the entry level of pay for new employees based upon education. The memo stated that "[a]fter July 1, any new candidate hired with a Bachelors Degree will receive 5% above the minimum starting salary" and that "[a]ny candidate hired with a Masters Degree will receive 10% above the minimum starting salary."

In response to these changes, defendants filed a grievance with the City Manager on 16 September 2000, asserting that existing officers should likewise receive additional compensation. The City Manager held a grievance conference on 9 October 2000 and, after reviewing the details of defendants' grievance, determined that "the City does not have a policy that awards additional compensation for obtaining post-secondary job-related degrees." Accordingly, the City Manager denied defendants' request for additional salary.

Defendants appealed to the Civil Service Board of the City of Asheville (the Board), and a hearing was held on 3 January 2001. On 5 January 2001, the Board dismissed the grievance based upon its conclusion that it had no jurisdiction to grant relief. In support of this conclusion, the Board found that defendants had not been denied a promotion or pay raise to which they were entitled. Defendants then appealed to Buncombe County Superior Court. In an order entered 1 May 2001, Judge Zoro Guice denied the City's motion to dismiss; determined that the Board had jurisdiction to hear the grievance; reversed the 5 January 2001 decision of the Board; and remanded to the Board for a determination of whether the City's action of denying additional compensation to current employees is justified where the City grants additional compensation to new employees hired after 1 July 2000 with the same degrees.

On remand, the Board heard defendants' grievance on 25 February 2002. In compliance with the trial court's order, the Board considered whether the City's action in providing additional compen-

sation to new employees while denying similar consideration to defendants was justified. The Board concluded that the City was not justified in this action. From this decision of the Board entered 3 March 2002, the City appealed to the Buncombe County Superior Court for a trial *de novo* pursuant to Section 8(f) of the Asheville Civil Service Act. In its complaint filed 13 March 2002, the City (plaintiff)[1] alleged two claims for relief: (1) that the Board did not have subject matter jurisdiction to hear defendants' grievance; and (2) that the Board's refusal to recuse one of its members from participation created a conflict of interest. Defendants filed an answer and moved to dismiss both claims. On 9 July 2002, Judge Charles C. Lamm, Jr. denied this motion. Both parties moved for summary judgment on the issue of whether the Board has subject matter jurisdiction over defendants' grievance. Plaintiff argued that there was no genuine issue of material fact as to whether defendants were entitled to a pay raise and, therefore, the Board lacked jurisdiction. On 7 July 2004, Judge E. Penn Dameron, Jr. entered an order granting plaintiff's motion for summary judgment and denying defendants' motion. Defendants appeal.

Defendants argue that the trial court erred in determining that the Board does not have jurisdiction to hear their grievance. As described by this Court previously in interpreting Section 8(a) of the Asheville Civil Service Act, in deciding whether the Board has jurisdiction to consider a party's grievance, the trial court must first determine if that party has alleged a personnel action within the scope of the Act. *See Harper v. City of Asheville*, 160 N.C. App. 209, 215, 585 S.E.2d 240, 244 (2003) (citing *O'Donnell v. City of Asheville*, 113 N.C. App. 178, 180, 438 S.E.2d 422, 423 (1993)). Thereafter, the opposing party can challenge the factual basis for the allegation. *Id.* at 216, 585 S.E.2d at 244. The party requesting the hearing has the burden of showing that the Board has subject matter jurisdiction over the personnel action in dispute. *Id.* at 217, 585 S.E.2d at 245.

Under Section 8(a) of the Asheville Civil Service Act, a person has a right to a hearing before the Civil Service Board if he or she "is denied any promotion or raise in pay which he or she would be entitled to[.]" 1999 N.C. Sess. Laws ch. 303, § 8(a). Defendants contend that they have alleged a personnel action within the scope of the Act sufficient to invoke the Board's jurisdiction. As evidence to support

_____

1. The City became the plaintiff in the proceedings when it filed its complaint and notice of appeal from the 3 March 2002 decision of the Board. We will hereinafter refer to the City as "plaintiff."

their allegation that they were "entitled to" a raise in pay, defendants offer the APD pay incentive policy outlined in the Annarino memo. However, this memo is insufficient to create an entitlement to a pay raise. No evidence indicates that defendants, as *current* employees, were eligible for this pay policy directed towards new candidates for employment. Moreover, defendants have failed to show that any such APD pay policy based upon educational degree was approved by the Asheville City Council. In cities which operate pursuant to a council-manager form of municipal government, any new increase in salary for a class of employees must be approved by the city council prior to becoming effective. *See* N.C. Gen. Stat. § 160A-162(a) (2003) (city manager shall administer pay plans for employees after approval by city council). In *Newber v. City of Wilmington*, 83 N.C. App. 327, 330-31, 350 S.E.2d 125, 127 (1986), this Court applied N.C. Gen. Stat. § 160A-162 and determined that payment policies for city employees are invalid without the approval of the city council. Thus, the Court concluded that plaintiff was not entitled to additional compensation under an administrative policy of the Wilmington Police Department where the policy had not been approved by the Wilmington City Council. *Id.*

The reasoning of the *Newber* Court is equally applicable to the City of Asheville, as Asheville also operates under a council-manager form of government. Thus, in order for any increase in salary for a class of employees to be valid and create an entitlement, the increase must be budgeted for and approved by the Asheville City Council. *See id.* Here, the record contains evidence that the Asheville City Council has not approved any pay raise for APD employees with post-secondary degrees. In support of its motion for summary judgment, plaintiff submitted an affidavit from Ben Durant, the Budget Director for the City of Asheville. Mr. Durant stated that if the APD requests a pay increase for a group of employees which would increase the City's salary obligations, this pay increase must be included in the proposed budget and approved by the City Council prior to becoming a "funded pay increase." Mr. Durant stated that, based upon his personal knowledge in his position as Budget Director beginning in January 1998, the City Council has never passed a budget amendment that awarded police officers a pay increase for holding a post-secondary degree.

Plaintiff also included with its motion for summary judgment an affidavit of Jeffrey B. Richardson, the Assistant City Manager of the City of Asheville. Mr. Richardson stated that he held the position of

CITY OF ASHEVILLE v. BOWMAN

[172 N.C. App. 586 (2005)]

Human Resources Director for the City for three and one-half years prior to his current position. He stated that, based upon his personal knowledge of the City's pay and personnel policies, the City Council has not approved any pay policy or included in any budget a pay increase for employees who hold post-secondary degrees. Defendants do not contest the accuracy of these affidavits or offer any evidence to contradict these facts. No evidence in the record indicates that the pay incentive policy announced in the Annarino memo could become a funded increase without approval from the Asheville City Council. Thus, the facts of this case fall squarely within the Court's holding in *Newber*. Defendants have failed to meet their burden of showing that they were entitled to a raise in pay.

As the evidence before the trial court on plaintiff's motion for summary judgment does not raise a genuine issue of material fact as to whether defendants were entitled to a pay increase, the trial court properly granted summary judgment in favor of plaintiff. *See Worley v. City of Asheville*, 100 N.C. App. 596, 598, 397 S.E.2d 370, 370-71 (1990) (summary judgment for city affirmed where no genuine issue of material fact existed with respect to evidence that city employee was not entitled to pay increase), *disc. review denied*, 328 N.C. 275, 400 S.E.2d 463 (1991). We affirm the order of the trial court.

Affirmed.

Judges STEELMAN and GEER concur.